degree, and endangering the welfare of a child, upon a jury verdict, and imposing sentence.

Judgment affirmed.

We have reviewed the record and agree with defendant's assigned counsel that there are no meritorious issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted (see, Anders v California, 386 US 738; People v Paige, 54 AD2d 631; cf. People v Gonzalez, 47 NY2d 606). Mollen, P. J., Gibbons, Brown, Niehoff and Eiber, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH JONES, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County (O'Dwyer, J.), rendered June 17, 1983, convicting him of robbery in the first degree and robbery in the second degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

On this record, we cannot agree with defendant that the denial, as untimely, of that branch of his omnibus motion which sought a Wade hearing constituted an abuse of discretion. Defendant was arraigned on July 15, 1982, and did not serve or file his omnibus motion until some 5½ months later. No excuse was presented in the moving papers for the failure to serve or file the motion within 45 days (CPL 255.20 [1]; 710.40 [1]) and the factual allegations set forth were not sufficient to justify ignoring the unexplained delay. When the motion was renewed at the eve of trial, defense counsel explained the delay in moving for omnibus relief by stating that he had been ill, but offered no details of this illness. Counsel argued that defendant was entitled to a hearing to determine the admissibility of the lineup identification testimony, but did not specify any factual basis to support a determination that that identification procedure was improper. The oral application was denied, and a Wade hearing was not conducted. "Good cause" was not shown to excuse the untimeliness of the motion, and the conclusory arguments advanced in support of suppression were not compelling (CPL 255.20 [3]; 710.40; see, People v Key, 45 NY2d 111, 116; People v Stafford, 79 AD2d 435).

For the first time on appeal, defendant maintains that the lineup was improper because he had been represented by an attorney on an unrelated charge, who was not present at the lineup (see, People v Hawkins, 55 NY2d 474, cert denied 459 US 846). Using this contention as a predicate, defendant

argues that he was deprived of effective assistance of counsel because his trial attorney failed to timely move for suppression and neglected to raise the claim that defendant's right to counsel at the identification procedure had been denied. There is nothing in the record to show that defendant had in fact been represented by an attorney at the time the lineup was conducted, and thus we would not be able to review the accuracy of defendant's factual claims *(see, People v Kinchen* 60 NY2d 772; *see also, People v Rosa,* 65 NY2d 380). Moreover, since the lineup was conducted in the investigative stage of the proceedings and before an adversary proceeding had been commenced, representation was not mandated *(see, People v Hawkins, supra).*

Similarly, we have no basis to review defendant's argument, also raised for the first time on appeal, that the prior photographic identification procedure tainted the lineup identification. On this record, we cannot assume that trial counsel's failure to raise these arguments in support of that branch of his motion which sought a *Wade* hearing resulted from anything other than the fact that the arguments were not supportable. The untimeliness of the omnibus motion did not prevent defendant from receiving other significant forms of relief requested, and if there was no support for the request for a *Wade* hearing, the untimeliness of the request cannot alone be viewed as depriving defendant of meaningful representation *(see, People v Baldi,* 54 NY2d 137). Since the arguments raised on appeal are not substantiated in the record, we cannot conclude that trial counsel's failure to raise the arguments constituted ineffective assistance. Counsel's ineffectiveness is not demonstrable in the record, and the appropriate vehicle for defendant's challenge would be a proceeding pursuant to CPL article 440 *(cf. People v Brown,* 45 NY2d 852).

We have examined defendant's remaining contentions and find them to be without merit. Lazer, J. P., Gibbons, Niehoff and Kunzeman, JJ., concur.