■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OSWALDO CARRERAS, Appellant.—Appeals by the defendant from a judgment of the Supreme Court, Kings County (Hellenbrand, J.), rendered April 13, 1983, convicting him of murder in the second degree (two counts), attempted murder in the second degree, and criminal possession of a weapon in the second degree (two counts), under indictment No. 2047/82, upon a jury verdict, and from three judgments of the same court (Owens, J.), all rendered April 14, 1983, convicting him of robbery in the second degree under indictment No. 2156/82, robbery in the first degree under indictment No. 2225/82, and robbery in the first degree under indictment No. 2606/82, upon his pleas of guilty, and imposing sentences.

Ordered that the judgments are affirmed.

With regard to the judgment of conviction under indictment

No. 2047/82, having failed to introduce evidence at his *Huntley* hearing that he was in fact represented by counsel at the time of his arrest and questioning by the police, the defendant's claim that his waiver of the right to counsel was improper is not reviewable by this court *(see, People v Kinchen,* 60 NY2d 772, 774; *People v Jones,* 114 AD2d 974, 975, *lv denied* 67 NY2d 653). Further, the defendant's failure to meet his burden of proof on this issue is not a ground for a new hearing on this subject *(see, People v Quarles,* 63 NY2d 923, 925; *People v Ryans,* 118 AD2d 741). The defendant's other contention raised on appeal from the judgment, that he was denied his right to counsel during a lineup conducted by the police and an Assistant District Attorney, may not be reviewed for failure of the defendant to establish a sufficient record at his hearing. In any event, this contention is without merit as no counsel for the defendant was required at the lineup as it was conducted at an investigatory stage of the proceedings and before adversarial proceedings had commenced *(see, People v Hawkins,* 55 NY2d 474, 486-487, *cert denied* 459 US 846; *People v Jones, supra,* at 975).

With regard to the appeals from the judgments of conviction under indictments Nos. 2156/82, 2225/82, and 2606/82, we have reviewed the record and agree with the defendant's assigned counsel that there are no meritorious issues which could be raised on those appeals. Counsel's application for leave to withdraw as counsel on those appeals is granted *(see, Anders v California,* 386 US 738; *People v Paige,* 54 AD2d 631; *cf., People v Gonzalez,* 47 NY2d 606). Mangano, J. P., Bracken, Brown and Niehoff, JJ., concur.