■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH WILLIAMS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Matthews, J.), rendered April 18, 1985, convicting him of attempted robbery in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

On the instant appeal the defendant asserts that Criminal Term erred in ruling, without a hearing, that certain physical evidence would be admissible at trial. The property which the People sought to admit was a wallet and identification papers retrieved from a stolen van from which the defendant fled immediately prior to his arrest in Queens County. The admissibility of this and other evidence seized from the van was the subject of a suppression ruling involving Queens County indictments Nos. 4060/83 and 4061/83.

This issue is not preserved for appellate review because defense counsel never requested a *Mapp* hearing in the present case. Counsel for the defendant essentially conceded the propriety of the suppression ruling issued by the Supreme Court, Queens County, which correctly held that the defendant lacked standing to challenge the search of the stolen van *(see, People v Mercado,* 114 AD2d 377, 379). In any event, the defendant was not entitled to relitigate the issue of the admissibility of the wallet and identification papers since the defendant, while represented by counsel, was given ample opportunity to contest the issue and he has offered no new evidence which was not brought out at the hearing on the Queens indictments *(see, People v Guy,* 121 AD2d 741, 742, *lv denied* 68 NY2d 813; *cf., People v Plevy,* 52 NY2d 58).

The defendant also challenges the validity of his waiver of his right to appeal the denial of his motion to suppress identification testimony. The acceptance of a counseled plea of guilty may properly be conditioned upon the defendant's waiver of his statutory right to appeal the denial of a suppression motion *(see, e.g., People v Williams,* 36 NY2d 829, *cert denied* 423 US 873; *People v Smith,* 133 AD2d 864; *People v Moore,* 123 AD2d 363, *lv denied* 68 NY2d 1002). The defendant will be held to such waiver where it is knowingly and voluntarily entered *(People v Williams, supra; People v Smith, supra).* Upon our review of the record, we conclude that the defendant entered a knowing and voluntary waiver. Even if the defendant did not adequately waive his right to appeal, we would find that Criminal Term properly denied suppression. The defendant was not denied his right to counsel during the lineup conducted by the police as no counsel was required at the lineup, which was conducted at an investigatory stage and before adversarial proceedings had commenced *(see, People v Hawkins,* 55 NY2d 474, 486-487, *cert denied* 459 US 846; *People v Carreras,* 133 AD2d 643, 644, *lv denied* 70 NY2d 873). Although where a suspect has counsel, his attorney may not be excluded from the lineup proceedings *(People v Hawkins,*

*supra,* at 487; *People v Blake,* 35 NY2d 331, 338), where, as here, unreasonable delay would result, "the police need not suspend the lineup in anticipation of the arrival of counsel" *(People v Hawkins, supra,* at 487; *People v La Placa,* 127 AD2d 610). Nor does the totality of circumstances surrounding the lineup demonstrate that it was tainted by undue suggestiveness *(see, Stovall v Denno,* 388 US 293, 301-302; *People v Rodriguez,* 124 AD2d 611, 612).

With respect to the photographic identification, the failure to produce at the hearing the array of photos viewed by the complainants does not require suppression of the identification testimony. The complainants viewed hundreds of photographs. The " 'sheer volume and scope of [the] procedure militates against the presence of suggestiveness' " *(People v Mason,* 138 AD2d 411, 412, quoting from *People v Jerome,* 111 AD2d 874, *lv denied* 66 NY2d 764). Nor did the cross-examination of the complainants or the detective who conducted the procedure indicate that the photographic identification was suggestive *(see, People v Ludwigsen,* 128 AD2d 810). Furthermore, the record amply established an independent basis for the complainants' in-court identification of the defendant.

We have considered the defendant's remaining claims and find them either unpreserved for appellate review or lacking in merit. Thompson, J. P., Bracken, Eiber and Spatt, JJ., concur.