■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRIAN LEVINE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Marrus, J.), rendered June 8, 1987, convicting him of attempted rape in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made by him to law enforcement officials.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the trial court did not improvidently exercise its discretion in denying his request to reopen the suppression hearing (see, CPL 255.20 [3];

*People v Colon,* 127 AD2d 678, *affd* 71 NY2d 410). The request was not made until more than two months after the court had indicated that it would allow the hearing to be reopened if the defendant so desired. The request came during jury selection at the second trial after the first trial had ended in a mistrial. Furthermore, defense counsel failed to offer an adequate explanation as to why he could not have, with due diligence, made the request more expeditiously *(see,* CPL 255.20 [3]; *People v Franklin,* 127 AD2d 685; *People v Jones,* 114 AD2d 974). Finally, the trial court did indicate that it would permit the hearing to be reopened if, during the course of the trial, new evidence relevant to the suppression issue came to light of which the defendant could not reasonably have been aware. In sum, the trial court acted appropriately, and reversal on this basis is not warranted.

The defendant's remaining contention is unpreserved for appellate review *(see, People v Autry,* 75 NY2d 836), and, under the circumstances of this case, reversal in the interest of justice is not warranted. Brown, J. P., Kooper, Eiber and O'Brien, JJ., concur.