■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TAMEL ANDERSON, Appellant. [608 NYS2d 267] —Appeal by the

defendant from a judgment of the Supreme Court, Queens County (Eng, J.), rendered May 30, 1991, convicting him of manslaughter in the second degree, criminal possession of a weapon in the second degree, and criminal possession of stolen property in the fifth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of defendant's omnibus motion which was to suppress statements made by him to law enforcement officials.

Ordered that the judgment is affirmed.

On May 31, 1989, the defendant was arrested while driving a stolen vehicle. While in custody, he confessed to the May 26, 1989, murder of Abraham Johnson. On October 30 and 31, 1989, a *Huntley* hearing was conducted. By order dated December 1, 1989, the court denied that branch of the defendant's omnibus motion which was to suppress statements made by him. Thereafter, by motion dated March 23, 1990, the defendant moved to reopen the suppression hearing, contending that the police had used a stun gun to elicit the defendant's confession. The court denied the motion. We agree.

Contrary to the defendant's contention, the trial court did not improvidently exercise its discretion in denying his request to reopen the suppression hearing *(see,* CPL 255.20 [3]). The defendant's request was made nearly five months after the *Huntley* hearing was conducted, and defense counsel failed to offer an adequate explanation as to why the request could not have been made sooner *(see, People v Jones,* 114 AD2d 974; *see also, People v Levine,* 162 AD2d 718).

We find the defendant's remaining contention to be without merit *(see, People v Suitte,* 90 AD2d 80). Balletta, J. P., Pizzuto, Friedmann and Krausman, JJ., concur.