■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY D. PRESSLEY, Appellant. (Appeal No. 1.) [652 NYS2d 558] —Judgment unanimously affirmed. Memorandum: By failing to challenge the jury panel by written objection before jury selection commenced, defendant has not preserved for our review his present argument that County Court erred in denying his oral challenge to the panel made after the commencement of jury selection (see, People v Consolazio, 40 NY2d 446, 455; People v Prim, 40 NY2d 946, 947). In any event, the challenge was properly denied. Defendant failed to establish a prima facie violation of the cross section requirement by demonstrating that an underrepresentation of Afro-Americans was caused by the systematic exclusion of that group in the jury selection process (see, People v Guzman, 60 NY2d 403, 410, cert denied 466 US 951).

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY PRESSLEY, Appellant. (Appeal No. 2.) [652 NYS2d 436] —Order unanimously affirmed. Memorandum: With the permission of this Court, defendant appeals from the denial of his motion to vacate his conviction pursuant to CPL 440.10. The motion was properly denied. We agree with defendant that the prosecutor failed to fulfill his obligation to turn over Brady material by failing to provide defendant with complete and accurate information concerning the criminal background of a prosecution witness. The duty to disclose Brady material is a duty "shared by the prosecutor's office as a whole" (People v Steadman, 82 NY2d 1, 8). The convictions that were not disclosed to defendant were Oneida County convictions, and the trial prosecutor is charged with knowledge of them. We conclude, however, that the error is harmless. There is no rea-

sonable possibility that the error contributed to the verdict (*see, People v Vilardi,* 76 NY2d 67, 77). The testimony of the witness concerning alleged jailhouse admissions by defendant was relevant to the charge of intentional murder, of which defendant was acquitted (*see, People v Miles,* 115 AD2d 964, *lv denied* 67 NY2d 763). Defendant was convicted of depraved indifference murder, of which there is overwhelming proof of guilt. (Appeal from Order of Oneida County Court, Cunningham, J.—CPL art 440.) Present—Green, J. P., Pine, Lawton, Doerr and Boehm, JJ.