■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
CARLTON L. CLARKE, Appellant. [665 NYS2d 375] —Judgment
unanimously affirmed. Memorandum: Defendant moved to set
aside the verdict pursuant to CPL 330.30 on the ground that
the People breached their obligations to disclose *Brady* mate-
rial concerning a prosecution witness (*see, People v Baxley*, 84
NY2d 208, 213, *rearg dismissed* 86 NY2d 886) and to make
available the testimony of two other prosecution witnesses
before the Grand Jury in another proceeding against defendant
(*see,* CPL 240.45 [1] [a]; *People v Eldridge*, 222 AD2d 1109).
County Court properly denied that motion. The record sup-
ports the court's determination that, although a *Brady* viola-
tion occurred, there is no reasonable possibility that the viola-
tion contributed to the verdict (*see, People v Vilardi*, 76 NY2d
67, 77; *People v Pressley* [appeal No. 2], 234 AD2d 954, *lv
granted* 89 NY2d 1039). We also agree with the court's conclu-
sion that the statements of the two witnesses before the Grand
Jury were "duplicative equivalents of statements previously
turned over to the defense" (*People v Consolazio*, 40 NY2d 446,
454).

Defendant failed to preserve for our review his contentions
that the court erred in denying his motion to suppress physical
evidence without conducting a hearing (*see,* CPL 470.05 [2];
*People v Williams*, 143 AD2d 162, 163) and that the evidence
of intent is insufficient to support the murder conviction (*see,
People v Gray*, 86 NY2d 10, 19). We decline to exercise our
power to review those contentions as a matter of discretion in
the interest of justice (*see,* CPL 470.15 [6] [a]). Upon our review
of the record, we conclude that the verdict is not contrary to
the weight of the evidence (*see, People v Bleakley*, 69 NY2d
490, 495). (Appeal from Judgment of Onondaga County Court,
McCarthy, J.—Murder, 2nd Degree.) Present—Denman, P. J.,
Green, Hayes, Balio and Fallon, JJ.