■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY STATER, Appellant. [669 NYS2d 907] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Hanophy, J.), rendered November 1, 1995, as amended November 6, 1995, convicting him of murder in the second degree (three counts), robbery in the first degree (two counts), robbery in the second degree, criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree, criminal possession of stolen property in the third degree, and criminal possession of stolen property in the fourth degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment, as amended, is affirmed.

Contrary to the defendant's contentions, the record establishes that he knowingly, intelligently, and voluntarily waived appellate review of the court's suppression ruling as a consequence of his plea of guilty (*see, People v Byrd*, 225 AD2d 631; *People v Burk*, 181 AD2d 74; *People v Williams*, 143 AD2d 162; *People v Smith*, 133 AD2d 864). At the conclusion of his allocution, the defendant signed a form waiving his right to appeal from his judgment of conviction, including issues arising from the pretrial hearing. The defendant advised the court on the record and in response to its extensive questioning, that, having conferred with both the court and his attorney, he understood the nature of the appellate rights he was waiving; he had had a full opportunity to discuss the matter with counsel; he had no further questions regarding the nature of the waiver; and that he was executing it voluntarily, in exchange for a "most favorable" plea bargain. Accordingly, the defendant's present challenge to the court's suppression ruling will not be reviewed (*see, People v Rivera*, 209 AD2d 648). Pizzuto, J. P., Santucci, Joy and Friedmann, JJ., concur.