■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID SUBIK, Appellant.—Kane, J. P. Appeal from a judgment of the County Court of Fulton County (Best, J.), rendered December 15, 1983, upon a verdict convicting defendant of the crime of unlawful imprisonment in the second degree.

At issue on this appeal is whether County Court properly applied the two-pronged test established by *People v Glover* (57 NY2d 61) in submitting to the jury the crime of unlawful imprisonment in the second degree as a lesser included offense to the second count of the indictment charging unlawful imprisonment in the first degree. Defendant was acquitted of all charges set forth in the indictment and convicted of the lesser included offense charged. In our view, the charge containing the lesser included offense was proper and the judgment should be affirmed.

Defendant was originally indicted for assault in the first degree, unlawful imprisonment in the first degree and menacing. The charges arose out of an incident in the woods of Fulton County where defendant was bulldozing a path along a right-of-way which allegedly interfered with property rights of one Walter Wagner. Wagner placed a rifle bullet through the radiator of the bulldozer to halt further operation and defendant responded in a rage by administering a brutal beating to Wagner. He then removed Wagner to his own residence and restrained him against his will, although Wagner repeatedly asked to be taken to the hospital. After a period of time and following consultation with his attorney, defendant drove Wagner to the hospital where he was placed in the intensive care unit.

It is, in the abstract, theoretically impossible to commit the crime of unlawful imprisonment in the first degree without concomitantly committing unlawful imprisonment in the second degree (Penal Law §§ 135.10, 135.05). In order to be found guilty of the greater crime, it is only necessary that the one restrained be exposed to a risk of serious physical injury. Here, the injury had been inflicted prior to the restraint and, upon the record as a whole, there was a reasonable view of the evidence which would entitle the jury to find that while defendant did commit the lesser crime, he did not commit the greater. Accordingly, upon the request of the People, the charge was proper (CPL 300.50 [1]; *People v Glover, supra; People v Green,* 56 NY2d 427).

Judgment affirmed. Kane, J. P., Main, Casey, Weiss and Levine, JJ., concur.