■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES BENNY FRANKLIN, Appellant.—Appeal by the defendant from a judgment of the County Court, Putnam County (Hickman, J.), rendered March 2, 1983, convicting him of robbery in the second degree, kidnapping in the second degree, sexual abuse in the first degree (three counts), sodomy in the first degree (three counts), and rape in the first degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On this record, we cannot agree with defendant that the denial, as untimely, of his midtrial motion to suppress physical evidence constituted an abuse of discretion *(see,* CPL 255.20). The trial court did not err in failing to apply the exception to the 45-day rule provided in CPL 255.20 (3) because the motion was based on grounds which the defendant could have, with due diligence, presented before the trial *(see, People v Longwood,* 116 AD2d 590; *People v Jones,* 114 AD2d 974).

The defendant's arguments with respect to the hearing to determine whether he was to be sentenced as a persistent felony offender have not been preserved (see, People v Oliver, 63 NY2d 973). In any event, there is no merit to the defendant's contentions in that regard.

Under the circumstances of this case, and in view of the defendant's prior record, we see no reason to disturb the sentence imposed (see, People v Suitte, 90 AD2d 80). Mollen, P. J., Thompson, Brown and Niehoff, JJ., concur.