◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALEXANDER A. HAYDAY, Appellant.—Kane, J. Appeal from a

judgment of the County Court of St. Lawrence County (Nicandri, J.), rendered June 9, 1986, upon a verdict convicting defendant of the crime of unlawful imprisonment in the second degree.

Defendant is alleged to have forcibly restrained a female companion at her own home for a period of over two hours following an evening out together during which they attended a concert at Clarkson University in the Town of Potsdam, St. Lawrence County. At his arraignment the following day on a warrant for his arrest issued upon the complaint of his companion, the local criminal court issued a temporary order of protection at the request of the complainant, which was thereafter continued by County Court following defendant's indictment and further extended after the conviction herein.

On this appeal, defendant seeks reversal contending that County Court failed to inquire whether there was good cause for issuance of an order of protection, and that the initial order of the local criminal court was issued without an opportunity to confront his accuser.

We find these contentions without merit. County Court possessed good cause for the issuance of the order of protection based upon evidence before the Grand Jury, which, upon motion of defendant, was made available to him (see, CPL 530.13 [1]; People v Faieta, 109 Misc 2d 841, 848). As to the initial order, there was sufficient information before the local criminal court to grant a temporary order of protection and, in any event, there is no constitutional or statutory right to confront an accuser prior to trial (US Const 6th Amend; NY Const, art I, § 6).

We also reject defendant's contention that County Court improperly prevented inquiry into the medical history and treatment by doctors of the complainant on the issue of her credibility. The record demonstrates that the witness did not, expressly or by implication, waive her statutory privilege (see, CPLR 4504 [a]), and an expert cannot be compelled to testify to an opinion (see, Matter of City of New York [Gowanus Expressway—Headley], 21 NY2d 786). Although a physician may testify to the fact that he has treated a patient and the dates of that treatment (Henry v Lewis, 102 AD2d 430, 437), we find no error in the failure of the court to permit such testimony in this case, as such testimony would be duplicitous at best.

Finally, we find that County Court correctly charged unlawful imprisonment in the second degree as a lesser included

offense *(see, People v Glover,* 57 NY2d 61; *People v Subik,* 112 AD2d 480) and correctly answered the jury's inquiry as to the meaning of the word "knowingly" *(see,* Penal Law § 15.05 [2]), a response to which there was no objection *(see,* CPL 470.05 [2]). We further find the verdict of the jury to be fully supported by the evidence *(see, Gebbie v Gertz Div. of Allied Stores,* 94 AD2d 165, 169). The contrary version of the facts offered by defendant presented nothing more than questions of credibility to be resolved by the jury *(see, People v Barnes,* 50 NY2d 375, 381; *People v Yarber,* 122 AD2d 433, 435).

Judgment affirmed. Mahoney, P. J., Kane, Casey, Yesawich, Jr., and Mercure, JJ., concur.