■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES PERRY, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Pitaro, J.), rendered May 15, 1990, convicting him of assault in the second degree, and unlawful imprisonment in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by (1) reversing the conviction of assault in the second degree, vacating the sentence imposed thereon, and dismissing that count of the indictment, and (2) reducing the conviction of unlawful imprisonment in the first degree to unlawful imprisonment in the second degree, and vacating the sentence imposed thereon; as so modified, the judgment is affirmed.

The defendant was convicted of assault in the second degree and unlawful imprisonment in the first degree, stemming from an incident which occurred in the early morning hours of May 11, 1989. The complainant testified that the defendant approached her while she was trying to place a telephone call at a public telephone at approximately 3:30 A.M. of that day. He then allegedly asked her, "What's up, do you want to hang out?" The complainant allegedly responded "No", and started walking away. The defendant allegedly grabbed the complainant's arm and said, "Let's take a walk". The complainant said

she became scared and walked with the defendant to his apartment which was across the street. While in the apartment, the defendant allegedly used a threatening voice in asking her to take off her clothes. The complainant never took off her clothes and the defendant never attempted to use force to make her do so. The defendant left the complainant in the living room several times to talk to his roommate in the kitchen. The complainant testified that she could not leave because a key was needed to open the apartment door from the inside. At one point, when she was alone in the living room, she went to the window and, using the curtain, she suspended herself out of the window. The curtain rod broke and she fell some 25 feet to the ground. She was taken by ambulance to the hospital.

We agree with the defendant's claim that the People failed to prove beyond a reasonable doubt his guilt of unlawful imprisonment in the first degree by legally sufficient evidence. Viewing the evidence in the light most favorable to the People (see, People v Contes, 60 NY2d 620) and giving the People the benefit of every reasonable inference (People v Kluck, 131 AD2d 590), we find that the People failed to prove that the conduct of the defendant exposed the complainant to a risk of serious physical injury, a requirement for a conviction of unlawful imprisonment in the first degree. The complainant's testimony shows that on two occasions the defendant told her to take off her coat, and on one occasion he told her to take off her clothes, put on a robe and get into bed. The defendant also allegedly used a threatening voice or tone in conveying this message. However, the record is barren of any evidence that the defendant attempted to use any force or threatened to use any force in the approximately two and one-half hours that the complainant was in the apartment. There was no evidence that the defendant threatened any bodily harm to the complainant, or engaged in any "animalistic conduct" (People v Szymczak, 60 AD2d 663), or violent conduct (see, People v Barnes, 151 AD2d 586), from which an inference could be made that serious physical injury would be inflicted upon the complainant. Thus, the evidence was legally insufficient to support a conviction of unlawful imprisonment in the first degree.

Since the crime of unlawful imprisonment in the second degree, a lesser included offense, was established beyond a reasonable doubt, we have modified the judgment accordingly (see, People v Jackson, 63 AD2d 1032). However, we need not

remit the matter for resentencing since the defendant has already served the maximum time permissible for this crime.

In view of our conclusion that the commission of a felony was not established, we reverse the defendant's conviction of assault in the second degree (felony assault), vacate the sentence imposed thereon, and dismiss that count of the indictment.

The defendant's other contentions are either unpreserved for appellate review or without merit. Rosenblatt, J. P., O'Brien, Ritter and Copertino, JJ., concur.