■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JACOB D. ROGERS, Appellant. [917 NYS2d 420]—

Malone Jr., J. Appeal from a judgment of the County Court of Broome County (Smith, J.), rendered September 10, 2009, upon a verdict convicting defendant of the crimes of attempted robbery in the first degree and attempted robbery in the second degree (two counts).

Following a jury trial, defendant was convicted of attempted robbery in the first degree and two counts of attempted robbery in the second degree for his role in the attack and unsuccessful robbery of a man in August 2008. He was thereafter sentenced as a second felony offender to an aggregate prison term of 14 years, with five years of postrelease supervision. Defendant appeals.

Although defendant raises various issues on appeal, the sole contention that was preserved for appellate review is his claim that the evidence offered by the People in rebuttal was improperly permitted by County Court. While testifying in his own defense, defendant admitted that he had an altercation with the victim but denied being the initial aggressor, claiming instead that he was the victim and that he had acted in self-defense. The police officer who arrested defendant testified in rebuttal that, at the time of the arrest, defendant attempted to conceal his identity from him and then made incriminating statements, which included a request to his friends to determine who "ratted [him] out." Under these circumstances, County Court did not abuse its discretion by allowing this testimony, which was appropriately presented to rebut defendant's testimony that he was a victim who had acted in self-defense (see CPL 260.30 [7]; *People v Harris*, 98 NY2d 452, 489 [2002]; *People v Judware*, 75 AD3d 841, 845 [2010], *lv denied* 15 NY3d 853 [2010]).*

Mercure, J.P., Rose, Lahtinen and Stein, JJ., concur. Ordered that the judgment is affirmed.

---

* To the extent that defendant contends that this evidence should have been offered as part of the People's case-in-chief, we note that " 'evidence [may be] properly received in rebuttal even if it could have been offered on direct' " (*People v Gragnano*, 63 AD3d 1437, 1443 [2009], *lv denied* 13 NY3d 939 [2010], quoting *People v Harris*, 57 NY2d 335, 345 [1982], *cert denied* 460 US 1047 [1983]).