■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER DANIELS, Appellant. [948 NYS2d 431]—

Lahtinen, J.

Defendant allegedly attempted to start a fire around midnight in the kitchen of his rented cottage while his girlfriend, victim A, and her 17-year-old daughter, victim B, were in the bedroom. After the fire was quickly extinguished, he later physically attacked the two women during the ensuing early morning hours. Pertinent events started when defendant and victim A picked up victim B on January 28, 2010 for an overnight visit at their residence in the Village of Lake George, Warren County. Defendant and victim A, whose relationship had been deteriorating, engaged in a series of verbal confrontations during the evening and eventually the two women retreated to the only bedroom in the cottage. They awoke around midnight to the smell of smoke, discovering stove burners on high with a smoking towel on top of the stove and a charred tampon in the oven as defendant watched from nearby. The women were able to extinguish the fire and, although police were summoned, by the time they arrived, the cottage had been aired out and victim B told police that she had called because defendant and victim A were arguing; nothing was reported about the fire.

The women returned to the bedroom, intent on staying awake all night. However, both fell asleep. They awoke as defendant *attacked them*, repeatedly striking each in the face and body with his fists and also using a knife while stating that he was going to kill them. Defendant finally stopped the attack after victim B convinced him that, if he called police, they would all claim that a burglar had caused their injuries. He then tied victim B's wrists behind her back, attempted to wash blood off victim A in the bathroom, and eventually called 911.

Defendant was indicted on two counts of attempted murder in the second degree, two counts of assault in the first degree, criminal possession of a weapon in the third degree, unlawful imprisonment in the first degree and attempted arson in the second degree. A jury convicted him on all counts. He was sentenced to consecutive prison terms of 25 years on the two attempted murder counts, a series of concurrent prison terms on

the other counts except unlawful imprisonment—for which his 2-to-4-year sentence was made consecutive—resulting in an aggregate prison term of 52 to 54 years plus postrelease supervision. Defendant appeals.

Defendant argues that all his convictions, except criminal possession of a weapon in the third degree, were not supported by legally sufficient evidence and were against the weight of the evidence. We find merit in defendant's legal sufficiency arguments as to two of the counts, assault in the first degree as to victim B (count 4) and unlawful imprisonment in the first degree (count 6). In our legal sufficiency review, we view the evidence in the light most favorable to the People and determine whether there is any valid line of reasoning and permissible inferences leading to the conclusion that each element of the crime was established by the requisite level of proof (*see People v Ramos*, 19 NY3d 133, 136 [2012]; *People v Bleakley*, 69 NY2d 490, 495 [1987]).

Assault in the first degree requires proof that "[w]ith intent to cause serious physical injury to another person, [defendant] causes such injury to such person . . . by means of a deadly weapon or dangerous instrument" (Penal Law § 120.10 [1]). Serious physical injury is defined as "physical injury which creates a substantial risk of death, or which causes death or serious and protracted disfigurement, protracted impairment of health or protracted loss or impairment of the function of any bodily organ" (Penal Law § 10.00 [10]). There was ample evidence that defendant used a dangerous instrument (a knife) and that he intended to kill victim B; however, the proof regarding the injuries she actually sustained did not satisfy the definition of a serious physical injury. The People rely on victim B's headaches and left knee problems to show a serious physical injury. Although stabbed in the head (not penetrating the skull) and suffering a concussion, together with residual headaches, victim B acknowledged that she was no longer experiencing headaches some six months later at the time of the trial. She stated that the only continuing physical problem she had was a "kind of sore [knee] every once in a while," but she was able to resume playing soccer and the medical evidence regarding her knee failed to establish a serious physical injury within the meaning of the statute. Under the circumstances, we conclude that the conviction of assault in the first degree under count 4 must be reduced to attempted assault in the first degree (*see People v Tucker*, 91 AD3d 1030, 1032 [2012]; *People v Gray*, 30 AD3d 771, 773 [2006], *lv denied* 7 NY3d 848 [2006]).

Unlawful imprisonment in the first degree is comprised of

restraining another person "under circumstances which expose [that person] to a risk of serious physical injury" (Penal Law § 135.10). For the restraint element of this crime, the People relied upon the fact that defendant tied victim B's hands behind her back. Although this clearly constitutes restraint, by the time that defendant tied victim B's hands, he had stopped his physical assault and turned to the strategy suggested by victim B of attempting to make it appear that the whole incident had been perpetrated by an unidentified burglar. Defendant brought victim B into the bathroom where he was attempting to wash blood off victim A and, during this time, victim B's hands came untied. There is no evidence that defendant's conduct exposed victim B to a risk of serious physical injury when her hands were tied and, accordingly, the conviction under count 6 is reduced to unlawful imprisonment in the second degree (*see People v Perry*, 181 AD2d 833, 834 [1992]).

Review of the record reveals legally sufficient evidence to sustain the remaining counts of which defendant was convicted. Further, after independently viewing the evidence in a neutral light and according deference to the jury's credibility determinations, we find that the weight of the evidence supports the verdict on each of the remaining counts (*see People v Romero*, 7 NY3d 633, 643 [2006]; *People v Bleakley*, 69 NY2d at 495).

County Court erred in denying defendant's request to charge assault in the second degree as a lesser included offense of assault in the first degree regarding count 3 involving victim A. "[I]f a request is made by either party the court must, 'submit in the alternative any lesser included offense if there is a reasonable view of the evidence which would support a finding that the defendant committed such lesser offense but did not commit the greater' " (*People v Green*, 56 NY2d 427, 430 [1982], quoting CPL 300.50 [1]; *see People v Carota*, 93 AD3d 1072, 1075 [2012]; *People v Hartman*, 4 AD3d 22, 23-24 [2004]). It is undisputed that assault in the first degree under Penal Law § 120.10 (1) cannot be committed without concomitantly committing assault in the second degree under Penal Law § 120.05 (1). Thus, as relevant here, the issue distills to whether, when viewing the evidence in the light most favorable to defendant, there was a reasonable view of the evidence that the serious physical injury sustained by victim A—a significantly depressed left orbital fracture—was inflicted by defendant's fist rather than the knife he was wielding. Since competent, conflicting evidence was presented regarding whether the pertinent injury was caused by a fist or knife, defendant's request for the lesser included charge of assault in the second degree as to count 3

should have been granted. Accordingly, we must reverse the conviction for such count and remit for a new trial on that charge (see *People v Van Norstrand*, 85 NY2d 131, 136 [1995]; *People v Caruso*, 6 AD3d 980, 983-984 [2004], *lv denied* 3 NY3d 704 [2004]).

Defendant's further contention that he was entitled to a lesser included offense charge regarding unlawful imprisonment in the first degree has been rendered moot by our reduction of such charge to unlawful imprisonment in the second degree. His remaining arguments regarding lesser included charges on other offenses have been considered and are unpersuasive.

Defendant argues that County Court erred in denying his motion to suppress evidence obtained from a warrantless entry of his cottage. Defendant's motion, which was made during the trial, was initially denied as untimely. However, County Court also conducted a hearing and denied the motion on the merits. Defendant had sufficient knowledge of the evidence well in advance of trial and, with due diligence, could have raised the issue in a timely fashion. Under such circumstances, County Court did not err in initially denying the motion as untimely (see CPL 255.20 [1], [3]; *People v Garcia*, 22 AD3d 880, 881 [2005]; *People v Graham*, 258 AD2d 387, 387 [1999], *lv denied* 93 NY2d 899 [1999]; *People v Franklin*, 127 AD2d 685, 685 [1987]). The motion was also properly denied on the merits in light of the fact that defendant summoned police to the residence with a report of a burglary and stabbing, upon arriving police encountered victim B running out of the cottage reporting that defendant had a knife and had stabbed her and her mother, and police could see through the open door that defendant was covered with blood and victim A was sitting on the couch (see *People v Danziger*, 41 NY2d 1092, 1093-1094 [1977]). The securing of the scene and recovery of evidence readily apparent therein within about an hour of arriving "did not exceed the scope and duration of the emergency" (*People v Desmarat*, 38 AD3d 913, 915 [2007], *lv denied* 9 NY3d 842 [2007]; *see People v George*, 7 AD3d 810, 811 [2004], *lv denied* 3 NY3d 674 [2004]).

In light of defendant's criminal history and the brutal nature of his crimes, County Court did not abuse its discretion in the sentence it imposed and there are no extraordinary circumstances warranting a reduction thereof (see *People v Blackman*, 90 AD3d 1304, 1310-1311 [2011]; *People v Masters*, 36 AD3d 959, 960-961 [2007], *lv denied* 8 NY3d 925 [2007]; *People v Polanco*, 13 AD3d 904, 907 [2004], *lv denied* 4 NY3d 802 [2005]).

Peters, P.J., Malone Jr., Stein and Garry, JJ., concur. Ordered

that the judgment is modified, on the law, by (1) reversing defendant's conviction of assault in the first degree under count 3 of the indictment, (2) reducing defendant's conviction of assault in the first degree under count 4 of the indictment to attempted assault in the first degree, and (3) reducing defendant's conviction of unlawful imprisonment in the first degree under count 6 of the indictment to unlawful imprisonment in the second degree; sentences imposed on counts 3, 4 and 6 vacated, and matter remitted to the County Court of Warren County for resentencing on counts 4 and 6 and a new trial on count 3; and, as so modified, affirmed.