## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered: March 12, 2015                    104886
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                          Respondent,

        v                                    MEMORANDUM AND ORDER

DEREK HEYLIGER,
                          Appellant.
_____

Calendar Date:   January 6, 2015

Before:   Garry, J.P., Egan Jr., Lynch and Clark, JJ.

_____

        Teresa C. Mulliken, Harpersfield, for appellant, and
appellant pro se.

        Gerald F. Mollen, District Attorney, Binghamton (Sophia
Bergman of counsel), for respondent.

_____

Lynch, J.

        Appeal from a judgment of the County Court of Broome County
(Smith, J.), rendered January 18, 2012, upon a verdict convicting
defendant of the crimes of assault in the first degree and
criminal possession of a weapon in the second degree (two
counts).

        Defendant was indicted for assault in the first degree and
two counts of criminal possession of a weapon in the second
degree.  The charges arose from an early morning incident on
August 15, 2010 at an after hours club in the City of Binghamton,
Broome County.  The victim, who was shot in the right leg, did
not identify defendant as the shooter either at the hospital
following the incident or, approximately two weeks later, when he

was shown a photo array containing a photograph of defendant.  In February 2011, after the victim was arrested on narcotics and weapon possession charges, he told police that it was defendant who shot him on August 15, 2010.  The jury found defendant guilty as charged and he was sentenced to an aggregate term of 14 years in prison, with five years of postrelease supervision.  Defendant now appeals.

Defendant contends that the jury's verdict on the assault conviction was not supported by legally sufficient evidence and was contrary to the weight of credible evidence.  A defendant is guilty of assault in the first degree where he or she, with the intent to cause serious physical injury to another, causes such injury by means of a deadly weapon or a dangerous instrument (see Penal Law § 120.10; People v Daniels, 97 AD3d 845, 847 [2012], lv denied 20 NY3d 931 [2012]).  A serious physical injury is one that "creates a substantial risk of death, or which causes death or serious and protracted disfigurement, protracted impairment of health or protracted loss or impairment of the function of any bodily organ" (Penal Law § 10.00 [10]; see People v Daniels 97 AD3d at 847).  Here, at the close of trial, defendant moved for a trial order of dismissal (see CPL 290.10 [1]) on the ground that the evidence showed that the victim shot himself with a gun that he had tucked in the waistband of his pants.  By this motion, defendant did not preserve his legal insufficiency claim on appeal with regard to the People's proof on the element that the victim suffered a serious physical injury.  Nevertheless, we evaluate the adequacy of the evidence as to each element of the crime as part of our weight of the evidence review (see People v Santiago, 118 AD3d 1163, 1164 [2014], lv denied 24 NY3d 964 [2014]; People v Greenfield, 112 AD3d 1226, 1226 [2013], lv denied 23 NY3d 1037 [2014]).

At trial, the victim testified that while at the club, he felt someone tugging on the chain necklaces that he was wearing and, when he looked down, he saw the gun pointed to his chest. He testified that he pushed defendant's hand that was holding the gun down, and the gun discharged.  The People also presented testimony by Lacy Becker, defendant's ex-girlfriend, Gloria Crowder, the owner of the club, and Claretha Shorts, a mutual friend of both defendant and Crowder.  Becker testified that

defendant told her he shot the victim; Crowder and Shorts testified that defendant asked Shorts to tell Crowder he was sorry "[f]or shooting some boy in the restaurant."

In contrast, defendant testified that as he was walking through the club, the victim "bumped [him] really hard" and, when defendant protested, the victim lifted his shirt to reveal the gun tucked in his pants. Defendant explained that, in response, he "pushed [the victim] really hard, boom, pow, gunshot went off." Defendant also presented the testimony of a private investigator, David Beers. Beers testified that after examining the bullet holes in the clothing that the victim had been wearing the night he was shot, he believed that "a projectile penetrated [his boxer shorts] at an angle" and that, based on the charring around one bullet hole in the boxer shorts, the gun was fired at "extremely close" range, indicating that the victim had shot himself. After hearing all the evidence, the jury rejected defendant's version of the events. We find that, when viewed in the light most favorable to the People, the evidence was legally sufficient to allow the jury to infer that defendant shot the victim (see People v Thomas, 105 AD3d 1068, 1070 [2013], lv denied 21 NY3d 1010 [2013]; People v Baker, 27 AD3d 1006, 1009 [2006], lv denied 7 NY3d 785 [2006]).

Although a different verdict would not have been unreasonable, viewing the evidence in a neutral light (see People v Danielson, 9 NY3d 342, 348 [2007]; People v Bleakley, 69 NY2d 490, 495 [1987]), we further perceive no error in the jury's finding that the victim suffered a serious physical injury. Alberto Bartoli, a vascular surgeon, testified that the bullet did not strike or damage any artery in the victim's leg and that the gunshot wound initially appeared to be superficial. The jury also heard from John Penfield, the emergency room doctor, who testified that when the victim arrived at the hospital, he was bleeding so profusely that he left a trail of blood on the floor. Further, Penfield testified that the gun shot caused a fracture and other injuries to the victim's leg and knee that could cause permanent disability and disfigurement. The victim confirmed that he could not bend his leg for nearly a year after the shooting and, at trial, he still did not have full range of motion. In our view, the medical evidence and testimony of the

victim established a protracted impairment of the victim's health pursuant to Penal Law § 10.00 (10) (see People v Khuong Dinh Pham, 31 AD3d 962, 965-966 [2006]).

We also reject defendant's argument that County Court erred in determining that the victim's identification of defendant from a police photo array was confirmatory. The hearing and notice requirements of CPL 710.30 do not apply if the witness is "sufficiently familiar with the defendant such that there is little or no risk that police suggestion may have led to misidentification" (People v Miller, 93 AD3d 882, 884 [2012], lv denied 19 NY3d 975 [2012] [internal quotation marks and citation omitted]; see People v Rodriguez, 79 NY2d 445, 450 [1992]). Here, the victim testified that, although they had never been formally introduced, he had known defendant, who he called "D," for about 10 years from seeing him at different parties and clubs in Binghamton and from his acquaintance with an individual who was either defendant's brother or cousin. The victim explained that he did not identify defendant initially at the hospital or when he was first shown a photo array because he was in fear for his own safety. In our view, the victim's uncontroverted testimony was sufficient to establish his familiarity with defendant (see People v Carter, 57 AD3d 1017, 1018 [2008], lv denied 12 NY3d 781 [2009]; People v Graham, 283 AD2d 885, 886-887 [2001], lv denied 96 NY2d 940 [2001]).

We discern no error in County Court's determination to allow the People to recall investigator Matthew Zandy to testify in rebuttal after Beers testified that the victim was shot at close range. A trial court has discretion to permit the People to present evidence in rebuttal that, more properly, should have been presented in their case-in-chief (see CPL 260.30 [7]; People v Whipple, 97 NY2d 1, 6 [2001]; People v Harris, 57 NY2d 335, 345-346 [1982]; People v Rogers, 81 AD3d 1185, 1186 [2011], lv denied 16 NY3d 899 [2011]). Here, County Court acted within its discretion in allowing the People to recall Zandy to explain how the damage to the victim's clothing indicated that the gunshot was not fired at close contact. We further disagree with defendant's argument that Zandy was not properly qualified as an expert witness. The admissibility of expert testimony is a matter within County Court's sound discretion (see People v

Bedessie, 19 NY3d 147, 156 [2012]; People v Surdis, 77 AD3d 1018, 1019, [2010], lv denied 16 NY3d 800 [2011]).  Here, the testimony with regard to Zandy's education, training and practical experience provide ample basis for County Court's determination to qualify him as an expert (see People v Menegan, 107 AD3d 1166, 1168 [2013]; People v Wyant, 98 AD3d 1277, 1278 [2012]).

Finally, we have considered defendant's pro se supplemental brief.  To the extent that he raises claims that are outside of the record, such claims are more properly addressed in a motion pursuant to CPL article 440 (see People v Malcolm, 74 AD3d 1483, 1486 [2010], lv denied 15 NY3d 954 [2010]).  As to defendant's claim that he received ineffective assistance of counsel, viewing the record as a whole, and even accepting that errors may have occurred, we find that defendant received meaningful representation (see People v Baldi, 54 NY2d 137, 147 [1981]).

Garry, J.P., Egan Jr. and Clark, JJ., concur.

ORDERED that the judgment is affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court