## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered: December 10, 2015          106516
_____

THE PEOPLE OF THE STATE OF
   NEW YORK,
                Respondent,

     v                          MEMORANDUM AND ORDER

RADHEYA MATHEWS,
                Appellant.
_____

Calendar Date: October 14, 2015

Before: Lahtinen, J.P., McCarthy, Lynch and Devine, JJ.

_____

Catherine A. Barber, Albany, for appellant.

Robert M. Carney, District Attorney, Schenectady (Peter H. Willis of counsel), for respondent.

_____

Lynch, J.

Appeal from a judgment of the County Court of Schenectady County (Giardino, J.), rendered June 17, 2013, upon a verdict convicting defendant of the crimes of attempted murder in the second degree, assault in the first degree and criminal possession of a weapon in the second degree.

Following a jury trial in 2013, defendant was convicted of attempted murder in the second degree, assault in the first degree and criminal possession of a weapon in the second degree stemming from an incident on June 14, 2011 at the apartment of Challana Dobbs, during which defendant shot Riley Ritter (hereinafter the victim) in the chest. Defendant was sentenced as a second felony offender to a prison term of 25 years, with five years of postrelease supervision. Defendant appeals.

We affirm.  We are unpersuaded by defendant's assertions that the verdict was legally insufficient and against the weight of the evidence for failing to establish his identity as the perpetrator.  Dobbs testified that she lived in the apartment with her two children, fathered by defendant, and a child (hereinafter the child) from a different relationship.  The incident occurred at around 7:00 a.m., while the victim and Dobbs were in bed, when she awakened to find a person standing in the doorway.  Although the victim was unable to identify defendant, Dobbs testified that it was defendant standing in the bedroom.  Both the victim and Dobbs testified that defendant angrily questioned why the victim was in the house when defendant's children were present.  Within moments, as the victim stood by the bed, defendant shot him.  By his account, the next thing the victim remembered was waking up in the hospital.  Dobbs testified that the victim ran into the kitchen and was pursued by defendant, who proceeded to strike him in the head with the gun.  The child testified that she heard the commotion, looked out her bedroom doorway and saw defendant chasing the victim into the kitchen, while striking him with the gun.  She testified that defendant motioned for her to "shush" before exiting the apartment.  Dobbs called 911, and the police arrived to find the victim unconscious on the kitchen floor, bleeding from a chest wound.  Notably, defendant acknowledged during a subsequent phone call with Dobb's mother that he shot the victim because he had warned Dobbs not to have other men around his children.  This direct testimony and admission was more than sufficient to establish defendant's identity as the shooter.  While defendant challenged the credibility of both the victim and Dobbs, based on their criminal records and purported involvement with drugs, the credibility of these witnesses was within the province of the jury to assess (see People v Launder, 132 AD3d 1151, 1153 [2015]; People v Richards, 124 AD3d 1146, 1147 [2015], lv denied 25 NY3d 992 [2015]; People v Wingo, 103 AD3d 1036, 1037 [2013], lv denied 21 NY3d 1021 [2013]).

The remaining elements of each offense were readily established.  Having fired a gun at the victim's chest from a short range within the bedroom, the jury could readily infer that defendant acted with the intent to cause the death of the victim, as required for the attempted murder charge (see Penal Law

§ 125.25 [1]; People v Holmes, 129 AD3d 1692, 1693-1694 [2015], lv denied 26 NY3d 968 [2015]; People v King, 124 AD3d 1064, 1065-1066 [2015], lv denied 25 NY3d 1073 [2015]).  Similarly, the jury could find that defendant intended to cause serious physical injury, as required for the assault in the first degree charge (see Penal Law § 10.00 [10]; People v Heyliger, 126 AD3d 1117, 1117-1119 [2015], lv denied 25 NY3d 1165 [2015]; compare People v Daniels, 97 AD3d 845, 847 [2012], lv denied 20 NY3d 931 [2012]; People v Gray, 30 AD3d 771, 772-773 [2006], lv denied 7 NY3d 848 [2006]).  The physician who performed emergency surgery on defendant testified that he had sustained a life threatening injury, satisfying the "serious physical injury" element. Finally, the evidence clearly confirmed that defendant possessed and used an operable gun to shoot the victim, establishing the elements necessary for a conviction of criminal possession of a weapon in the second degree (see Penal Law § 265.03 [1] [b]).

County Court did not err in denying defendant's motion for a mistrial.  The motion was prompted when Steven Nelson, the police officer who responded to the scene, was asked on direct examination whether he knew defendant "by face" and Nelson responded, "I recognized his photo when I looked it up."  While defendant maintains that the response was suggestive of a "mug shot" and thus a prior arrest, County Court promptly intervened before any further testimony could be given and offered to provide a curative instruction directing the jury to disregard the comment (see People v Yontz, 116 AD3d 1242, 1244 [2014], lv denied 23 NY3d 1026 [2014]).  County Court acted within its discretion in refusing defendant's request for an alternative instruction that Nelson could have looked up the photograph in a motor vehicle database since there was no such testimony.  As defendant then declined a curative instruction, we find no merit to his argument that he was deprived of a fair trial due to Nelson's isolated comment (see People v Young, 48 NY2d 995, 996 [1980]; People v Manchester, 123 AD3d 1285, 1287-1288 [2014], lv denied 26 NY3d 931 [2015]; People v Brown, 106 AD3d 755, 755 [2013], lv denied 22 NY3d 954 [2013]).

County Court did not abuse its discretion in denying defendant's request to adjourn the trial in order to recall Dobbs to the stand to allow further questioning regarding the clothing

of the shooter.  The application was prompted when defendant's trial counsel apparently was provided with the photograph of an individual, obtained from a nearby school camera system, depicting a person in dark clothing sitting on a bench around the time of the incident.  When asked for an offer of proof, counsel's stated objective was to ask Dobbs whether that person resembled the shooter.  As duly noted by County Court, the identification of defendant as the shooter was not based on his clothing, but on the fact that both Dobbs and the child personally knew him.  Moreover, Dobbs had already testified that she did not recall what clothing defendant was wearing.  As such, we perceive no prejudice to defendant in the denial of his adjournment request (see People v Peterkin, 81 AD3d 1358, 1360 [2011], lv denied 17 NY3d 799 [2011]).

Finally, while we recognize the sentence imposed was the maximum (see Penal Law §§ 70.06 [1] [a]; [3] [a]), we cannot say that the sentence was harsh or excessive.  Given defendant's unprovoked, violent conduct and a criminal history involving two prior weapons convictions, we perceive no abuse of discretion or extraordinary circumstances warranting a modification of the sentence.

Lahtinen, J.P., McCarthy and Devine, JJ., concur.

ORDERED that the judgment is affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court