*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  May 12, 2016                    106471
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,
        v                                    MEMORANDUM AND ORDER

JUSTIN K. JONES,
                        Appellant.
_____


Calendar Date:  March 22, 2016

Before:  Lahtinen, J.P., McCarthy, Garry, Rose and Mulvey, JJ.

                        _____


        Donna C. Chin, Ithaca, for appellant.

        Weeden A. Wetmore, District Attorney, Elmira (John R.
Thweatt of counsel), for respondent.

                        _____


Mulvey, J.

        Appeal from a judgment of the County Court of Chemung
County (Hayden, J.), rendered October 18, 2013, upon a verdict
convicting defendant of the crime of murder in the second degree.

        In the early morning hours of November 8, 2012, defendant
invited Brian Martin (hereinafter the victim) to an apartment in
the City of Elmira, Chemung County to use heroin.  According to
defendant, a heated argument arose between the victim and
defendant around 1:00 a.m..  The victim, according to defendant,
ran toward him with a sword and, in response, defendant pulled a
gun out of his pocket and shot and killed the victim.  Defendant
then unsuccessfully tried to amputate the victim's leg in order
to remove him from the apartment.  Defendant wrapped the victim's
body with a sleeping bag and garbage bags, placed the body in the

trunk of the car of the victim's mother and abandoned the car down the street. Later that morning, defendant contacted a friend (hereinafter the CI) to request help, garbage bags and bleach. Upon entering the apartment, the CI observed spots of blood throughout. Defendant told the CI that he had used a meat cleaver and a sword to sever the victim's leg and "dragged [the body] out [of the residence] and drove it off." The CI later reported to law enforcement that defendant had told him the identity of the victim, that the reason he killed him was because the victim was a "snitch" and that he was glad that the bullet did not go all the way through because it would have made more of a mess in the apartment.

Defendant was thereafter arrested and indicted on one count of murder in the second degree. After a jury trial, defendant was found guilty as charged and was sentenced to a prison term of 25 years to life. Defendant appeals.

Defendant's main contention on appeal is that County Court erred in failing to take appropriate action when defense counsel requested an instruction to trial spectators who were wearing T-shirts bearing a printed photograph of the victim with the letters "R.I.P." More specifically, defendant contends that the T-shirts were inherently prejudicial and impacted the jurors' emotions, and, as such, he was deprived of a fair trial. We disagree. Following opening statements, defense counsel requested an instruction that the spectators not dress in that fashion in front of the jury. County Court noted that out of 40 or 50 spectators in the courtroom, "five or six" were wearing the objectionable T-shirts and they were mixed in among the other spectators. The court also noted that none of these spectators had done anything to draw attention to their attire and that they had been sitting very quietly listening to the proceedings. The court declined to give the requested instruction and, instead, advised defense counsel that if any outburst or display were to take place, it would then "squash" any such effort immediately by appropriate instruction.

The Court of Appeals very recently addressed the issue of spectator conduct in People v Nelson (___ NY3d ___, 2016 NY Slip Op 02554 [2016]). On facts strikingly similar to those presented

here, the Court held in Nelson that the trial court erred in failing to instruct spectators to remove or cover up their T-shirts. The Court held that, although such failure to instruct spectators constitutes error, such error may, under certain circumstances, nonetheless be subject to a harmless error analysis (id. at *6-*7). Harmless error analysis is inappropriate when the appellate court concludes that the spectator display and conduct was "so egregious" and the trial court's response was "so inadequate" as to deprive the defendant of a fair trial. In such circumstances, the conviction must be reversed on this ground and a new trial ordered (id. at *6-*7). On the other hand, if the appellate court finds that the spectator display and conduct was not so egregious as to deprive the defendant of a fair trial, then harmless error analysis applies and reversal is not required if the evidence of the defendant's guilt is overwhelming and "there is no significant probability that the trial court's failure to instruct the spectators to remove or cover the T-shirts upon the defense counsel's request contributed to the verdict" (id. at *6-*7). The Court also instructed appellate courts to "review the trial court's action or inaction for abuse of discretion," citing that court's unique position to view all of the surrounding circumstances and fashion an appropriate intervention (id. at *6).[1]

Here, applying the Court of Appeals' holding in Nelson, we find that County Court's failure to instruct the spectators to remove or cover up their T-shirts was error, but the court was attentive to the courtroom environment and interacted with the spectators in an authoritative yet sensitive manner. In addition, there is no evidence that the spectators who wore the T-shirts called attention to themselves during the trial, nor did the photograph or letters "R.I.P." convey anything other than remembrance of the victim. Consequently, we conclude that their conduct was not so egregious as to require reversal. We also

---

[1]  In Nelson, the Court of Appeals found that the spectator conduct was not egregious and that the trial court's error was harmless in light of the overwhelming proof of the defendant's guilt (id. at *7).

find that the proof of defendant's guilt was so overwhelming that there was no reasonable possibility that this error might have contributed to his conviction (see People v Crimmins, 36 NY2d 230, 242, 243 [1975]).

We next reject defendant's claim that his sentence, which was the maximum permissible sentence, was harsh and excessive. County Court appropriately characterized the severity of defendant's crime as "[c]old-blooded murder" and explained the principles of general and specific deterrence, stating that it was bound to fashion a sentence that would serve as both a deterrent to "others in our community who may be inclined to commit a similar crime" and to deter defendant "from ever having an opportunity to commit this kind of crime again, to never kill again." As such, we find no abuse of discretion or extraordinary circumstances warranting a reduction of the sentence (see People v Matthews, 134 AD3d 1248, 1251 [2015]).

Defendant's remaining contentions, all of which assert — for various reasons — that he was denied the effective assistance of counsel, have been examined and found to be lacking in merit.

Lahtinen, J.P., McCarthy, Garry and Rose, JJ., concur.


ORDERED that the judgment is affirmed.




ENTER:


Robert D. Mayberger
Clerk of the Court