People v Rosario (2018 NY Slip Op 00044)





People v Rosario


2018 NY Slip Op 00044


Decided on January 4, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 4, 2018

107333

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
JORGE ROSARIO, Appellant.

Calendar Date: November 13, 2017

Before: McCarthy, J.P., Egan Jr., Lynch, Devine and

 Pritzker, JJ.

Lucas G. Mihuta, Albany, for appellant.
Craig P. Carriero, District Attorney, Malone (Jennifer M. Hollis of counsel), for respondent.


McCarthy, J.P.

MEMORANDUM AND ORDER
Appeal from a judgment of the County Court of Franklin County (Main Jr., J.), rendered January 26, 2015, upon a verdict convicting defendant of the crimes of unlawful imprisonment in the first degree, criminal contempt in the second degree and criminal obstruction of breathing.
Defendant and the victim began living together in 2010 and broke up in approximately April 2013. The victim obtained an order of protection against defendant on July 3, 2013. The victim alleged that, on the night of July 12, 2013, defendant entered her residence and kept her there overnight by brandishing a gun, during which time he assaulted her. As a result, defendant was arrested. On July 14, 2013, defendant called her
from jail, again violating the order of protection. Defendant was charged in an indictment with (1) burglary in the first degree, reckless endangerment in the first degree, unlawful imprisonment in the first degree, criminal contempt in the first degree, rape in the first degree, criminal sexual act in the first degree and menacing in the second degree as a result of the July 12, 2013 incident, (2) criminal contempt in the second degree as a result of the July 14, 2013 phone call from jail, and (3) criminal obstruction of breathing as a result of a prior incident in April 2013.[FN1]
Following a jury trial, defendant was found guilty of unlawful imprisonment in the first degree, criminal contempt in the second degree and criminal obstruction of breathing, but was acquitted of the remaining charges. County Court then held a hearing, found defendant to be a persistent felony offender, and found it appropriate to enhance his sentence to a prison term of 15 years to life on the unlawful imprisonment conviction and to a term of 365 days in jail for each of the other two convictions, to run concurrently. Defendant appeals.
The verdict finding defendant guilty of unlawful imprisonment in the first degree is not against the weight of the evidence [FN2]. Initially, because defendant made only a general motion to dismiss the indictment at the close of the People's proof and again at the close of the evidence, he failed to preserve his challenge to the legal sufficiency of the evidence on the unlawful imprisonment count (see People v Criss, 151 AD3d 1275, 1276 [2017], lv denied 30 NY3d 979 [2017]; People v Novak, 148 AD3d 1352, 1353 [2017], lv denied 29 NY3d 1084 [2017]). Regardless, in conducting a weight of the evidence review, this Court necessarily evaluates whether the elements of the challenged crime were proven beyond a reasonable doubt (see People v Criss, 151 AD3d at 1276; People v Scippio, 144 AD3d 1184, 1185 [2016], lv denied 28 NY3d 1150 [2017]). In considering the weight of the evidence, this Court views "the evidence in a neutral light, weighing the conflicting testimony and the relative strength of any conflicting inferences that may be drawn, and giving due deference to the jury's credibility assessments . . . [to determine whether] the jury was justified in finding defendant guilty beyond a reasonable doubt" (People v Reynolds, 81 AD3d 1166, 1167 [2011], lv denied 16 NY3d 898 [2011]; see People v Whyte, 144 AD3d 1393, 1394 [2016]; People v Gunn, 144 AD3d 1193, 1194 [2016], lv denied 28 NY3d 1145 [2017]).
"A person is guilty of unlawful imprisonment in the first degree when he [or she] restrains another person under circumstances which expose the latter to a risk of serious physical injury" (Penal Law § 135.10). In this context, to restrain "'means to restrict a person's movements intentionally and unlawfully in such manner as to interfere substantially with his or her liberty by moving him or her from one place to another, or by confining him or her'" in one place, "'without consent and with knowledge that the restriction is unlawful'" (People v Irby, 140 AD3d 1319, 1320 [2016] [brackets omitted], lv denied 28 NY3d 931 [2016], quoting Penal Law § 135.00 [1]; see People v Kruppenbacher, 81 AD3d 1169, 1172 [2011], lv denied 17 NY3d 797 [2011]). A person "is deemed to have been moved without consent when that movement is accomplished by, as relevant here, physical force or intimidation" (People v Irby, 140 AD3d at 1321 [internal quotation marks, brackets and citations omitted]; see People v Murrell, 148 AD3d 1296, 1298 [2017]). "[A]ctual serious physical injury need not occur; rather, first-degree unlawful imprisonment only requires that the circumstances expose the restrained person to a risk, of unspecified degree, of serious physical injury" (People v Irby, 140 AD3d at 1321 [internal quotation marks, brackets and citation omitted]; see People v Daniels, 97 AD3d 845, 848 [2012], lv denied 20 NY3d 931 [2012]).
The victim testified that she was in the bathroom of her apartment when defendant suddenly appeared. She testified that she walked toward the apartment door to leave, but defendant pulled a revolver from his pocket, pointed it at her and told her to sit down and that he [*2]was not joking. She further testified that, at different points during the night, defendant struck her and ordered her to go upstairs, go back downstairs and to perform certain sexual acts, and she complied because he had a gun. At one point, defendant asked if she wanted to play Russian Roulette. According to the victim, she did not attempt to leave the apartment again because she felt that she could not get away, and she was afraid that defendant would hurt her or himself if she tried to escape. The victim was physically much smaller than defendant, who testified that he worked out. In contrast to the victim's version of events, defendant testified that the victim invited him to her apartment and they engaged in consensual sexual acts; he denied having a gun or forcing her to do anything. Neither a gun nor bullets were located after defendant was arrested.
Defendant's argument centers on the victim's credibility. It appears that the jury did not find the victim completely credible, as evinced by the verdicts to acquit defendant of several charges. Nevertheless, the jury is entitled to selectively credit some portions of a witness's testimony while discounting other portions, and we should not intrude upon those credibility determinations (see People v Negron, 91 NY2d 788, 792 [1998]; People v Sheppard, 107 AD3d 1237, 1239 [2013], lv denied 22 NY3d 1203 [2014]; People v Hoppe, 96 AD3d 1157, 1159 [2012], lv denied 19 NY3d 1026 [2012]). While defendant argues that the verdicts on the other counts indicate that the jury found that he did not possess a weapon, that is not necessarily true. In any event, the statutory element of "a risk of serious physical injury" (Penal Law § 135.10) does not require use of a weapon; for example, evidence of a violent attack could support an inference that serious physical injury would be inflicted on the victim (see People v Logan, 198 AD2d 439, 440 [1993] [pushing and choking a victim exposed her to risk of serious physical injury]; People v Barnes, 151 AD2d 586, 586-587 [1989]; compare People v Perry, 181 AD2d 833, 833-834 [1992]).
The victim testified that defendant struck her more than once, threatened that he was not joking when she walked toward the door, and had hit and choked her on previous occasions. Based on this proof, the jury could infer that she was at risk of serious physical injury (see People v Logan, 198 AD2d at 440; People v Barnes, 151 AD2d at 586-587). Although a different verdict would not have been unreasonable (see People v Wells, 141 AD3d 1013, 1023 [2016], lvs denied 28 NY3d 1183, 1189 [2017]), the jury chose to credit the portion of the victim's testimony establishing that defendant kept her from leaving the apartment and directed her movement within the apartment throughout the night by threatening her — either with a gun or through physical force or intimidation. It was plausible that defendant used force or intimidation on this occasion based on his previous acts of domestic violence against her. Viewing all of the proffered evidence in a neutral light, weighing it and deferring to the jury's credibility determinations, the verdict convicting defendant of unlawful imprisonment in the first degree is not against the weight of the evidence (see id.; People v Kruppenbacher, 81 AD3d at 1173; People v Meseck, 52 AD3d 948, 949-950 [2008], lv denied 11 NY3d 739 [2008]; People v Miller, 262 AD2d 796, 797-798 [1999]).
Inasmuch as defendant failed to argue before County Court that the charge of unlawful imprisonment was duplicitous, that argument has not been preserved for our review (see People v Allen, 24 NY3d 441, 449-450 [2014]; People v Simmons, 115 AD3d 1018, 1018 [2014]). Similarly, defendant did not preserve his argument that the sentence imposed was vindictive and constituted a penalty for exercising his right to a trial (see People v Haskins, 121 AD3d 1181, 1185 [2014], lv denied 24 NY3d 1120 [2015]).
County Court did not err in finding defendant to be a persistent felony offender and sentencing him as such. To impose an enhanced term of imprisonment on a defendant as a [*3]persistent felony offender, the sentencing court must find (1) that the defendant has two or more previous felony convictions, and (2) "that the history and character of the defendant and the nature and circumstances of his [or her] criminal conduct indicate that extended incarceration and life-time supervision will best serve the public interest" (Penal Law § 70.10 [2]). Defendant admitted to three prior felony convictions, establishing the first prong beyond a reasonable doubt (see CPL 400.20 [5]). The second prong "may be established by any relevant evidence, not legally privileged, regardless of admissibility under the exclusionary rules of evidence, and the standard of proof with respect to such matters shall be a preponderance of the evidence" (CPL 400.20 [5]; see People v Quinones, 12 NY3d 116, 126-127 [2009], cert denied 558 US 821 [2009]). If both findings are made, the court may exercise its discretion to impose an enhanced term of imprisonment equal to one available for an A-1 felony, namely, an indeterminate prison sentence with a minimum term between 15 and 25 years and a maximum of life (see Penal Law §§ 70.00 [2] [a]; [3] [a] [i]; 70.10 [2]; People v Quinones, 12 NY3d at 127).
At the persistent felony offender hearing, the People introduced six police incident reports and the presentence investigation report (hereinafter PSI) and asked County Court to take judicial notice of the trial testimony. Defense counsel submitted letters addressing certain statements in the PSI, asked the court to take notice of the acquittals at trial and called defendant to testify about the incidents. His testimony admitted to some of the events included in four of the incident reports, but denied several of the facts therein and noted that none of the incidents resulted in his arrest. The PSI provided details related to defendant's prior convictions. For example, the attempted robbery conviction was originally charged as a robbery and involved allegations of assault, and defendant admitted to displaying what appeared to be a firearm. Defendant's conviction for robbery in the third degree was originally charged as robbery in the first degree, the underlying facts alleged that defendant cut a person with a box cutter and, again, as to that conviction, defendant admitted that he displayed what appeared to be a firearm. His other felony conviction was for selling drugs in or near school grounds.
We cannot conclude that County Court erred in determining that the People met their burden of establishing by a preponderance of the evidence that defendant's history and character and the nature and circumstances of his criminal conduct require lifetime supervision to protect the public. The court's statement that defendant's criminal record included "two violent felonies" is inaccurate if the court was referring to the statutory definition of a violent felony offense (see Penal Law § 70.02 [1]). However, it appears that the court was not employing a legal term of art, but was using these words colloquially to refer to what it elsewhere stated was a "thread of violence" running through defendant's history. In light of defendant's extensive criminal history and the volatile nature of his character, the court did not abuse its discretion in imposing an enhanced sentence. In relation to his "character" (Penal Law § 70.10 [2]), even after his arrest and conviction, defendant blamed the victim and continued to harass her and her family by making unfounded reports to Child Protective Services and sending disparaging letters to potential employers. Although the enhanced sentence is lengthy for an individual convicted of a class E felony, the imposed sentence of 15 years to life reflects the court's determination that defendant's extended incarceration is in the public's best interest, and the sentence is the lowest term permitted for a person sentenced as a persistent felony offender (see Penal Law §§ 70.10 [2]; 70.00 [2] [a]; [3] [a]).
Defendant raises several alleged errors by counsel that he asserts establish ineffective assistance requiring reversal. We are unpersuaded. An ineffective assistance of counsel claim "will fail so long as the evidence, the law, and the circumstances of a particular case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation" (People v Warrington, 146 AD3d 1233, 1238 [2017] [internal quotation marks [*4]and citations omitted], lv denied 29 NY3d 1038 [2017]; see People v Clark, 28 NY3d 556, 562-563 [2016]). "Defendant bears the ultimate burden of showing counsel's performance is constitutionally deficient, as well as the absence of strategic or other legitimate explanations for counsel's challenged actions" (People v Clark, 28 NY3d at 563 [internal quotation marks and citations omitted]; see People v Jordan, 99 AD3d 1109, 1110 [2012], lv denied 20 NY3d 1012 [2012]). An attorney's failure to pursue a motion or make an objection that had little or no chance of success does not constitute ineffectiveness (see People v Gerald, 153 AD3d 1029, 1031 [2017]; People v Johnson, 151 AD3d 1462, 1466 [2017]).
First, defendant argues that counsel improperly failed to object to the victim's testimony regarding an April 2013 incident. Contrary to this argument, the victim's testimony regarding an incident in which defendant choked her did not constitute impermissible Molineux evidence; rather, this testimony was proof of the count in the indictment charging criminal obstruction of breathing. As the testimony related to a charged crime, counsel had no basis to object (see People v Bullock, 145 AD3d 1104, 1107 [2016]).
Second, defendant claims that counsel denied him effective assistance by failing to make a specific motion to dismiss the People's case. Inasmuch as we have determined as part of our weight of the evidence review that the People established all of the elements of the crime now at issue, defendant suffered no harm because the motion would not have been successful (see People v Dashnaw, 37 AD3d 860, 863 [2007], lv denied 8 NY3d 945 [2007]).
Third, defendant contends that counsel was ineffective by failing to request that County Court charge the jury with a lesser included offense. Although it would have been appropriate for counsel to request a charge on unlawful imprisonment in the second degree as a lesser included offense of unlawful imprisonment in the first degree (see People v Subik, 112 AD2d 480, 481 [1985]; see also People v Daniels, 97 AD3d at 848), defendant "has not demonstrated that the failure to request [such a] charge was other than an acceptable 'all-or-nothing' defense strategy" (People v Guarino, 298 AD2d 937, 938 [2002], lv denied 98 NY2d 768 [2002]; accord People v Ariosa, 100 AD3d 1264, 1266 [2012], lv denied 21 NY3d 1013 [2013]; see People v Thorpe, 141 AD3d 927, 934 [2016], lv denied 28 NY3d 1031 [2016]; People v Clark, 115 AD2d 860, 862 [1985], lv denied 67 NY2d 941 [1986]). Indeed, counsel did not request that the jury be charged on the lesser included offense of criminal contempt in the second degree for the July 12, 2013 incident — despite defendant's admission that he had been in the victim's residence with her and his denial that he possessed a gun — and the jury acquitted defendant of criminal contempt in the first degree. Counsel may have engaged in the same strategy for the criminal contempt and unlawful imprisonment counts, with a successful result on one count but not the other.
Fourth, defendant contends that counsel deprived him of effective assistance by failing to object when the People offered six incident reports during the persistent felony offender hearing. These reports were submitted by the People to establish the second prong regarding the appropriateness of an enhanced sentence. Pursuant to CPL 400.20 (5), the People may use any relevant evidence to prove that prong, regardless of its admissibility under the rules of evidence (see People v Quinones, 12 NY3d at 126-127). All but one of these reports were relevant to County Court's consideration of defendant's history and character. Thus, counsel was not required to present an objection that had little or no chance of success (see People v Kerley, 154 AD3d 1074, 1076 [2017]).
Fifth, defendant complains that counsel failed to object when the People cross-examined him at the persistent felony offender hearing regarding his adjudications as a juvenile delinquent and a youthful offender. Counsel had objected to the consideration of such adjudications in a [*5]letter submitted prior to the hearing. In any event, because County Court explicitly stated that it did not consider those adjudications, defendant was not prejudiced by counsel's omissions (see People v Carmichael, 118 AD3d 603, 604 [2014], lv denied 24 NY3d 1042 [2014]; People v Laviolette, 307 AD2d 541, 544 [2003], lv denied 100 NY2d 643 [2003]).
Finally, defendant argues that he was deprived of effective assistance because counsel did not present a summation at the persistent felony offender hearing, call witnesses at the hearing to refute the People's proof regarding defendant's history and character, make a statement prior to County Court's imposition of sentence or submit a sentencing memorandum. While counsel did not make a summation at the end of the hearing, at other points in the hearing he made statements and arguments in which he requested that the court not sentence defendant as a persistent felony offender. During the hearing, counsel noted that none of the incidents discussed in the reports proffered by the People resulted in any criminal action against defendant, and he elicited defendant's explanations for each incident. As no jury was present and counsel had expressed his views and arguments, the lack of a formal summation did not deprive defendant of

meaningful representation. Although defendant was the only witness that counsel called at the hearing, defendant has not demonstrated that any other witnesses were available and willing to testify to his history and character in a helpful way.
Counsel was not required to prepare a written sentencing memorandum, considering that he submitted two letters addressing alleged misstatements in the PSI and he made oral statements at sentencing. Before sentence was imposed, counsel noted defendant's difficult past and that defendant has always taken responsibility for his actions. After commenting that defendant had spent a year and a half in jail while the present charges were pending, counsel asked County Court to exercise its discretion to impose a sentence of time served even if defendant was deemed a persistent felony offender. At trial, counsel presented cogent opening and closing statements, vigorously cross-examined the victim and the People's other witnesses, called witnesses for the defense and obtained an acquittal on six of nine counts that were presented to the jury (including five of six felony counts). Considering the totality of the circumstances at trial and the hearing, defendant received meaningful representation (see People v Cox, 129 AD3d 1210, 1215 [2015], lv denied 26 NY3d 966 [2015]; People v Roach, 119 AD3d 1070, 1072-1073 [2014], lv denied 24 NY3d 1221 [2015]; People v Laviolette, 307 AD2d at 544).
Egan Jr., Lynch, Devine and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed.



Footnotes

Footnote 1: Although the indictment also charged defendant with aggravated harassment in the second degree, that count was dismissed because the statute had been held unconstitutional (see People v Golb, 23 NY3d 455, 468 [2014], cert denied ___ US ___, 135 S Ct 1009 [2015]).

Footnote 2: Defendant does not challenge the evidence supporting the convictions of criminal contempt in the second degree and criminal obstruction of breathing.