People v Agan
2026 NY Slip Op 03206
May 21, 2026
Appellate Division, Third Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, Respondent,
v
David T. Agan Jr., Appellant.

Decided and Entered:May 21, 2026
CR-23-1436
Calendar Date: April 17, 2026
Before: Aarons, J.P., Reynolds Fitzgerald, Fisher, Powers And Corcoran, JJ.

Matthew C. Hug, Albany, for appellant.
Christopher Liberati-Conant, District Attorney, Hudson (Brett Michael Fuller of counsel), for respondent.

[*1]
Appeal from a judgment of the County Court of Columbia County (Richard Koweek, J.), rendered February 2, 2023, which resentenced defendant following his conviction of the crime of murder in the second degree.
As set forth in our prior decision in this matter (207 AD3d 861 [3d Dept 2022], lvs denied 38 NY3d 1186 [2022], 39 NY3d 939 [2022]), defendant encountered his wife (hereinafter the deceased victim) in the lobby of a building where they both received mental health counseling and stabbed her at least 35 times with a screwdriver, resulting in her death. Defendant was initially charged in an indictment with murder in the second degree. However, after it emerged that he had been engaged in a sexual relationship with his underage daughter (hereinafter the minor victim) prior to that incident, a superseding indictment was handed up charging defendant with murder in the first degree and numerous offenses relating to the sexual relationship. The upgraded first-degree murder count was premised upon the theory that defendant had killed the deceased victim to prevent her from testifying about his sexual relationship with the minor victim. Defendant was convicted by a jury of murder in the first degree, 15 counts of rape in the third degree, 28 counts of criminal sexual act in the third degree and 92 counts of incest in the third degree. County Court sentenced defendant to an aggregate prison term of a minimum of 186⅓ years to life and a maximum of 389 years to life. Upon appeal, we found that the trial evidence was "insufficient to establish a witness elimination murder," reduced that conviction to "the lesser included offense of murder in the second degree" and remitted solely for resentencing on that count (id. at 867). The court resentenced defendant to 25 years to life in prison on the conviction of murder in the second degree, to be served consecutively to the sentences imposed upon his other convictions. Defendant appeals.
We are unpersuaded by defendant's argument that the sentence should be reduced in the interest of justice. Although the trial evidence did not establish that defendant had killed the deceased victim with the motive of eliminating a witness against him, it did establish that he had brutally, and intentionally, stabbed her to death. Further, defendant's claimed expression of "remorse" amounted to a letter addressed to County Court in which he voiced that he regretted depriving himself of the company of the deceased victim and his children before pivoting to complaints about the conduct of the trial, his legal representation and the whereabouts of his personal property. We do not find this expression of remorse to be particularly compelling and, notwithstanding the significant sentences imposed upon his convictions on numerous sex offenses relating to the minor victim, do not perceive the sentence imposed to be unduly harsh or severe (see People v Pascarella, 172 AD3d 1533, 1537 [3d Dept 2019], lv denied 34 NY3d 935 [2019]; People [*2]v Jones, 139 AD3d 1189, 1191 [3d Dept 2016], lv denied 28 NY3d 932 [2016]).
Aarons, J.P., Reynolds Fitzgerald, Fisher, Powers and Corcoran, JJ., concur.
ORDERED that the judgment is affirmed.