■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v MILES BRANDON, Respondent. THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v DONALD MAKATURA, Respondent. — Appeals by the People from (1) an order of the

Supreme Court, Queens County (Brennan, J.), dated September 16, 1983, which granted defendant Miles Brandon's motion to dismiss the indictment against him (indictment No. 3238/82) on the ground of insufficiency of the Grand Jury evidence and (2) an order of the same court, dated September 22, 1983, which granted that branch of defendant Donald Makatura's pretrial motion as sought dismissal of 'the indictment against him (indictment No. 1452/83) on the same ground. ¶ Orders reversed, on the law, motions denied insofar as they sought dismissal of the indictments, indictments reinstated, and matters remitted to the Supreme Court, Queens County, for further proceedings. ¶ Defendant Makatura was indicted for one count of assault in the second degree for intentionally causing serious physical injury. The only testimony presented to the Grand Jury on the nature of the injury sustained came from the complainant. The testimony was that Makatura punched him repeatedly and then kicked him on the left side of the jaw. Complainant testified that his jaw had been fractured, and as a result it had to be wired shut for six to eight weeks, during which time he was unable to eat any solid food. ¶ Defendant Brandon was indicted for one count of assault in the first degree, for intentionally causing serious physical injury by means of a dangerous instrument, and one count of assault in the second degree, for intentionally causing physical injury by means of a dangerous instrument. Once again, the only witness who testified as to the nature of the injuries sustained was the complainant. The testimony was that defendant struck complainant on the head with a crowbar. Complainant stated that his head "split wide open" and was bleeding "[p]rofusely". His head was sutured in the emergency room of Long Island Jewish Medical Center. The next day, complainant was admitted to Queens General Hospital for 9 to 10 days, where he underwent an operation on the back of his head to remove chips of skull. Dental work was also necessary, and his face was temporarily paralyzed. The complainant further testified that since that time he has occasionally suffered seizures which he has been unable to control. ¶ Criminal Term dismissed both indictments, finding that CPL 190.30 did not grant a complainant the legal right to testify as to his own injuries. The effect of Criminal Term's holding is that there can never be an indictment for an assault charge, absent expert medical testimony in the Grand Jury as to the victim's injuries. We disagree. ¶ A Grand Jury indictment will be upheld when the evidence is legally sufficient to establish a prima facie case that defendant committed the offense charged, or any lesser-included offense, and the evidence relied upon is competent and admissible such that, if unexplained and uncontradicted, a conviction would be warranted (CPL 190.65, 210.20; *People v Mayo,* 36 NY2d 1002; *People v Brewster,* 100 AD2d 134). ¶ Criminal Term's reliance on CPL 190.30 was misplaced. That section does not prevent a witness from testifying as to readily apparent external physical injuries of which he obviously has personal knowledge. We recognize that some of the testimony of the respective complainants required a medical conclusion and thus would not be proper testimony by a lay person before the Grand Jury and would not be proper testimony at a trial. Such testimony would include one complainant's conclusion that he suffered a "fractured jaw". However most of the testimony was properly admissible and should have been considered in connection with whether there was legally sufficient evidence to support the charges in the indictments. The testimony with respect to the injuries allegedly sustained, uncontradicted and unexplained, was sufficient to support findings of not only physical injury, but serious physical injury as well. In each case, there was prima facie evidence of a "protracted loss or impairment of the function of any bodily organ" (see Penal Law, § 10.00, subd 10). ¶ In any event, it was not necessary for the evidence to establish serious physical injury, so long as it established the lesser included

offenses requiring merely physical injury (*People v Gallucci,* 62 AD2d 1129; *People v Leichtweis,* 59 AD2d 383). Bracken, J. P., O'Connor, Niehoff and Boyers, JJ., concur.