■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GULED MOHAMMED, Appellant.—Judgment of the Supreme Court, Bronx County (William Wallace, III, J.), rendered on January 4, 1988, convicting defendant, following a jury trial, of assault in the second degree and sentencing him to an indeterminate term of imprisonment of 2⅓ to 7 years, is unanimously affirmed.

Defendant herein, following a jury trial, was acquitted of rape, sexual abuse and weapon charges, but convicted of assault, specifically, breaking the complainant's arm. On appeal, he challenges the sufficiency of the evidence against him with respect to intent and whether the victim suffered a serious physical injury. In that regard, the complainant's testimony that defendant struck her with a karate chop in the course of a violent struggle constituted an adequate predicate from which the jury could conclude that defendant intended to cause injury *(see, People v Hildenbrandt,* 125 AD2d 819, *lv denied* 69 NY2d 881; *People v Thomas,* 50 NY2d 467). Moreover, it is evident that the complainant suffered a "protracted impairment of health" (Penal Law § 10.00 [10]) based upon the evidence that she suffered a fractured humerus requiring several weeks of immobilization. Defendant was, further, not entitled to a justification charge. Counsel did not request such an instruction in his 24-page request-to-charge memorandum, and the claim of self-defense was not raised either during the defense opening or summation. Finally, the trial court did not

abuse its discretion in sentencing defendant. Concur—Kupferman, J. P., Milonas, Ellerin, Wallach and Rubin, JJ.