■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v YEN KOH, Appellant. [639 NYS2d 800]

Since defendant's request for a charge of attempted grand larceny in the fourth degree as a lesser included offense of attempted robbery did not advise that it was specifically based on Penal Law § 155.30 (6), i.e., grand larceny by extortion, the claim that it was error to deny the request is unpreserved as a matter of law (*see, People v Sater,* 201 AD2d 323, *lv denied* 83 NY2d 858), and we decline to review it in the interest of justice. If we were to review it, we would find that it is possible to commit attempted robbery (*see,* Penal Law § 160.00) without at the same time committing attempted grand larceny by extortion (*see,* Penal Law § 155.05 [2] [e] [i]), in that attempted robbery can be committed by using force, but not threats, while failing to gain possession of the property, and also because with robbery, the threat is the "immediate" use of force, whereas with extortion, the threat is "in the future" (*People v Woods,* 41 NY2d 279, 281). We would also find that under no reasonable view of the evidence could it be found that defendant did not threaten, and use, immediate physical force. Concur—Milonas, J. P., Wallach, Ross and Mazzarelli, JJ.