■ The People of the State of New York, Respondent, v Luis Colon, Appellant. [644 NYS2d 738] —Judgment, Supreme Court, Bronx County (George Covington, J.), rendered November 2, 1994, convicting defendant, upon his plea of guilty, of criminal possession of a weapon in the third degree, and sentencing him, as a second felony offender, to a term of 3 to 6 years, unanimously affirmed.

Defendant's claim that the hearing court should have inspected documents, identified by a police witness as routinely prepared in the course of an arrest and an arrestee's interview, to determine whether or not they were *Rosario* material, and that the case should be remanded to the hearing court for such a determination, is unpreserved as a matter of law, since defendant's attorney requested only a personal inspection of the documents and not an in camera inspection (*cf., People v Poole*, 48 NY2d 144, 150). We decline to review the claim in

the interest of justice, since the court, although it denied defendant the unqualified right to inspect the documents did remind the prosecutor of her discovery obligations, yet defendant never renewed his request.

We find that any error in the court's denial of defendant's request to call his daughter as a witness at the suppression hearing concerning the issue of which jacket defendant was wearing at the time of his arrest was harmless, because the daughter's testimony would not have affected the result of the hearing. Concur—Murphy, P. J., Wallach, Rubin, Williams and Mazzarelli, JJ.