■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DERRICK PITTMAN, Also Known as DERREK PITTMAN, Appellant. [679 NYS2d 101] —Judgment, Supreme Court, New York County (William Leibovitz, J.), rendered May 7, 1996, convicting defendant, after a jury trial, of assault in the first degree, and sentencing him, as a second violent felony offender, to a term of 4 to 8 years, unanimously affirmed.

Defendant's challenge to the sufficiency of the evidence supporting the element of serious physical injury (Penal Law § 10.00 [10]) is unpreserved and we decline to review it in the interest of justice. Were we to review this claim, we would find that evidence that the complainant sustained a 4 to 5 inch "incomplete fracture" to her leg and a $4^{1}/_{2}$ inch laceration resulting in a permanent scar, that she required crutches for two weeks after the incident, and that she suffered from pain in her left leg for months as a result of injuries she sustained after defendant struck her on her leg numerous times with a pipe as she lay prone on the basement floor in his apartment building, was sufficient to demonstrate that she suffered " 'protracted impairment of health' " (*People v Mohammed*, 162 AD2d 367, *lv denied* 76 NY2d 861).

The court's brief reference to some of the evidence during its

supplemental justification charge did not constitute improper marshaling and could not have deprived defendant of a fair trial (*see, People v Culhane*, 45 NY2d 757, *cert denied* 439 US 1047). By failing to raise his present claims before the trial court, or by abandoning unresolved issues, or by failing to articulate any residual deficiencies in the court's instructions after the court charged as requested by defendant, defendant failed to preserve his remaining claims (*see, People v Basora*, 75 NY2d 992, 994; *People v Whalen*, 59 NY2d 273, 280; *People v Pressley*, 216 AD2d 202, *lv denied* 86 NY2d 800), and we decline to review them in the interest of justice. Were we to review these claims, we would find them to be without merit since the main and supplemental charges adequately conveyed the correct legal standards. Concur—Lerner, P. J., Milonas, Wallach and Rubin, JJ.