■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MANNY CABASSA, Also Known as JOSE CABASSA, Appellant. [689 NYS2d 446] —Judgment, Supreme Court, New York County (Paul Bookson, J.), rendered October 4, 1993, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the first degree, and sentencing him to a term of 20 years to life, unanimously affirmed.

Since defendant's request for a jury charge on the lesser included offense of criminal sale of a controlled substance in the second degree contained none of the arguments he now raises on appeal, including his constitutional argument, such claims are unpreserved (*People v Yen Koh,* 225 AD2d 476, *lv denied* 88 NY2d 997), and we decline to review them in the

interest of justice. Were we to review these claims, we would find that the court properly denied defendant's request. No reasonable view of the evidence would support a finding that defendant committed the lesser offense, but not the greater offense, when consideration is given to the chemist's testimony together with defendant's statements during the sale as to the quantity of drugs sold.

Regarding the *Rosario* issue, defendant failed to demonstrate that any file in a separate homicide case contained such material, and no testimony indicated the existence of undisclosed *Rosario* material. Moreover, defendant did not make a request for any specific documents in the homicide file. Accordingly, the court properly denied defendant's application that the prosecutor turn over, as alleged *Rosario* material, whatever file had been compiled in connection with the homicide case. Furthermore, since defendant never requested in camera review of the file (*see, People v Colon*, 229 AD2d 301, *lv denied* 88 NY2d 982), nor articulated a factual basis for his current assertion that the prosecutor was improperly denying the existence of *Rosario* material, an in camera inspection was not required (*see, People v Poole*, 48 NY2d 144, 149; *People v Sierra*, 222 AD2d 216, *lv denied* 87 NY2d 977). Finally, the factual theory asserted by defendant for the first time on appeal as to why undisclosed *Rosario* material "may" exist fails to rise beyond mere speculation.

We have considered and rejected defendant's remaining claims, including those contained in his *pro se* supplemental brief. Concur—Nardelli, J. P., Williams, Tom, Rubin and Friedman, JJ.