■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MIGUEL MARQUEZ, Appellant. [853 NYS2d 553]—

The verdict was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's determinations concerning credibility, including its acceptance of the victim's testimony concerning his physical condition. The element of serious physical injury was satisfied by evidence establishing that the victim sustained a "protracted impairment of health" (Penal Law § 10.00 [10]). The fractured bones in the victim's foot, which evidently failed to heal properly, required him to use crutches for two months and continued to cause him difficulty in standing and walking two years later (*see People v Graham*, 297 AD2d 579 [2002], *lv denied* 99 NY2d 535 [2002]; *People v Pittman*, 253 AD2d 694 [1998], *lv denied* 92 NY2d 1052 [1999]). The evidence also supports the conclusion that when defendant shot at the victim he intended to cause serious physical injury.

Defendant did not preserve his present argument that the court should have submitted assault in the third degree under

the theory of criminal negligence (Penal Law § 120.00 [3]) as a lesser included offense, and we decline to review it in the interest of justice. Defense counsel neither alerted the court to the type of third-degree assault he was requesting nor articulated any reasonable view of the evidence to support such a submission, and, contrary to defendant's suggestion on appeal, it was not the court's responsibility to guess what counsel meant (*see e.g. People v Yen Koh*, 225 AD2d 476 [1996], *lv denied* 88 NY2d 997 [1996]). As an alternative holding, we find there was no reasonable view of the evidence to support such charge (*see People v Randolph*, 81 NY2d 868 [1993]).

The court properly exercised its discretion in denying defendant's motion for a mistrial after a prosecution witness experienced an episode of mental illness during cross-examination and was unable to continue testifying (*see generally People v Vargas*, 88 NY2d 363, 379-380 [1996]). The court struck the witness's entire testimony, with thorough instructions that went well beyond a mere instruction to disregard it. The court told the jury that, because of the witness's psychiatric condition, "his testimony is totally unreliable and is not to be credited in any way," and the jury is presumed to have followed the court's instructions (*see People v Berg*, 59 NY2d 294, 299-300 [1983]).

We perceive no basis for reducing the sentence. Concur—Tom, J.P., Andrias, Nardelli and Sweeny, JJ.