◼ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v RYAN BURCH, Also Known as RYAN HOUSTON, Respondent. [968 NYS2d 592]—

Appeal by the People, as limited by their brief, from so much of an order of the County Court, Rockland County (Nelson, J.), dated March 30, 2012, as granted that branch of the defendant's omnibus motion which was to dismiss the indictment.

Ordered that the order is reversed insofar as appealed from, on the law, that branch of the defendant's omnibus motion which was to dismiss the indictment is denied, the indictment is reinstated, and the matter is remitted to the County Court, Rockland County, for further proceedings.

In a grand jury proceeding, the People submitted charges, including assault in the first degree, gang assault in the first degree, and burglary in the first degree, with respect to the defendant and three codefendants. The prosecutor charged the grand jury as to the principles of accomplice liability. The initial accomplice liability charge pertained to all of the charges and all of the defendants. Subsequently, the prosecutor repeated the general accomplice liability charge, and then specifically explained accomplice liability with respect to only the charge of assault in the first degree as against one codefendant. The grand jury indicted the defendant and the codefendants on all of the counts that were submitted to it.

In an omnibus motion, the defendant sought, inter alia, to dismiss the indictment. The County Court granted that branch

of the omnibus motion which was to dismiss the indictment. The court concluded that the prosecutor had given an "erroneous" grand jury charge with respect to the principles of accomplice liability that had impaired the integrity of the grand jury proceeding.

"The primary function of the Grand Jury in our system is to investigate crimes and determine whether sufficient evidence exists to accuse a citizen of a crime and subject him or her to criminal prosecution" (*People v Calbud, Inc.*, 49 NY2d 389, 394 [1980]). The Court of Appeals has cautioned that "[w]hen the District Attorney's instructions to the Grand Jury are so incomplete or misleading as to substantially undermine [its] essential function, it may fairly be said that the integrity of that body has been impaired . . . Under such circumstances, CPL 210.35 (subd 5) as well as our State constitutional guarantees might well require dismissal of the Grand Jury's indictments" (*People v Calbud, Inc.*, 49 NY2d at 396; *see* CPL 210.20 [1] [c]; 210.35 [5]).

A grand jury proceeding is "defective," warranting dismissal of the indictment, only where the "proceeding . . . fails to conform to the requirements of [CPL article 190] to such degree that the integrity thereof is impaired and prejudice to the defendant may result" (CPL 210.35 [5]). Dismissal of an indictment under CPL 210.35 (5) is an "exceptional remedy" that "should . . . be limited to those instances where prosecutorial wrongdoing, fraudulent conduct or errors potentially prejudice the ultimate decision reached by the Grand Jury" (*People v Huston*, 88 NY2d 400, 409 [1996]; *see People v Wisdom*, 98 AD3d 241, 248 [2012], *lv granted* 19 NY3d 1106 [2012]; *People v Thompson*, 81 AD3d 670, 671 [2011], *lv granted* 18 NY3d 998 [2012]).

CPL 190.25 (6) provides that, "[w]here necessary or appropriate, the court or the district attorney, or both, must instruct the grand jury concerning the law with respect to its duties or any matter before it, and such instructions must be recorded in the minutes." Pursuant to CPL 190.25 (6), the court and the District Attorney are the "legal advisors" of the grand jury. A grand jury "need not be instructed with the same degree of precision that is required when a petit jury is instructed on the law" (*People v Calbud, Inc.*, 49 NY2d at 394-395; *see People v Caracciola*, 78 NY2d 1021, 1022 [1991]; *People v Goetz*, 68 NY2d 96, 115 [1986]; *People v Valles*, 62 NY2d 36, 38 [1984]).

Here, the County Court erred in granting that branch of the defendant's omnibus motion which was to dismiss the indictment based on the prosecutor's instructions to the grand jurors

regarding the principles of accomplice liability. Under the circumstances of this case, those instructions were adequate (*see* Penal Law § 20.00), and did not impair the integrity of the grand jury proceeding (*see People v Torres*, 252 AD2d 60 [1999]; *People v Licausi*, 98 AD2d 751 [1983]).

In light of our determination, we do not reach the remaining contentions raised by the People. Dillon, J.P., Angiolillo, Dickerson and Cohen, JJ., concur.