Judgment, Supreme Court, New York County (Bruce Allen, J.), rendered August 24, 2010, convicting defendant, after a jury trial, of two counts of robbery in the second degree, and sentencing him, as a second violent felony offender, to concurrent terms of eight years, unanimously affirmed.
The verdict was based on legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). The course of conduct of defendant and his companion demonstrated that defendant was “aided by another person actually present” (Penal Law § 160.10 [1]) who acted, at least, as a lookout during the robbery. The evidence also established the element of physical injury (see Penal Law §§ 10.00 [9]; 160.10 [2] [a]), in that the victim’s injuries were more than mere “petty slaps, shoves, kicks and the like” (Matter of Philip A., 49 NY2d 198, 200 [1980]), and clearly caused “more than slight or trivial pain” (People v Chiddick, 8 NY3d 445, 447 [2007]; see also People v Guidice, 83 NY2d 630, 636 [1994]).
Defendant’s pro se ineffective assistance of counsel claims are unreviewable on direct appeal because they involve matters outside the record (see People v Rivera, 71 NY2d 705, 709 [1988]; *591 People v Love, 57 NY2d 998 [1982]). Accordingly, since defendant has not made a CPL 440.10 motion, the merits of the ineffectiveness claims may not be addressed on appeal. In the alternative, to the extent the existing record permits review, we find that defendant received effective assistance under the state and federal standards (see People v Benevento, 91 NY2d 708, 713-714 [1998]; Strickland v Washington, 466 US 668 [1984]). Concur — Sweeny, J.P., Andrias, Moskowitz, DeGrasse and Gische, JJ.