■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v SCOTT E. BLAUVELT and KYLE C. NORCROSS, Respondents, et al., Defendant. [68 NYS3d 784]—

Appeal from an order of the Cayuga County Court (Elma A. Bellini, J.), entered July 2, 2014. The order granted defendants' motions to dismiss the indictment.

It is hereby ordered that the order so appealed from is unanimously modified as a matter of discretion in the interest

of justice by granting the People leave to re-present the charges to another grand jury and as modified the order is affirmed.

Memorandum: In this prosecution arising from an altercation that allegedly resulted in serious physical injury to one person (hereafter, victim) and damage to another person's vehicle, the People obtained an indictment charging defendants Scott E. Blauvelt and Kyle C. Norcross with gang assault in the second degree (Penal Law § 120.06), charging Blauvelt with criminal mischief in the third degree (§ 145.05 [2]), and charging Norcross and a third defendant with criminal mischief in the fourth degree (§ 145.00 [3]). County Court granted defendants' motions to dismiss the indictment, concluding in relevant part that there was legally insufficient evidence of serious physical injury to support the gang assault counts and that the conduct of the prosecutor impaired the integrity of the grand jury proceeding. The People appeal with respect to Blauvelt and Norcross. At the outset, we decline to grant Blauvelt's request that we exercise our discretion to dismiss the People's appeal based on their delay in perfecting it (*see* CPL 470.60 [1]; *cf. People v Calaff*, 103 AD3d 500, 500 [1st Dept 2013], *affd* 23 NY3d 89, 101 [2014], *cert denied* 574 US —, 135 S Ct 273 [2014]). We also note that, on this appeal by the People, we have no authority to consider the alternative ground for affirmance raised by Blauvelt in his brief, which does not involve an error or defect that "may have adversely affected the appellant" (CPL 470.15 [1]; *see People v Karp*, 76 NY2d 1006, 1008-1009 [1990]; *People v Woodruff*, 4 AD3d 770, 773 [4th Dept 2004]).

We agree with the People that the evidence before the grand jury was legally sufficient to establish that the victim sustained a serious physical injury. While the medical records introduced in evidence were uncertified and were thus hearsay, the victim himself was competent to testify to "readily apparent external physical injuries of which he obviously [had] personal knowledge" (*People v Brandon*, 102 AD2d 832, 833 [2d Dept 1984]), and his testimony concerning the leg injury he sustained in the altercation, i.e., that the injury required surgery, that he took narcotic pain medication for two months, and that he was still using a crutch and experiencing pain and range of motion limitations at the time of the grand jury proceeding more than seven months after the incident, was sufficient to establish a protracted impairment of health and a protracted impairment of the function of his leg (*see* Penal Law § 10.00 [10]; *People v Heyliger*, 126 AD3d 1117, 1119 [3d Dept 2015], *lv denied* 25 NY3d 1165 [2015]; *People v Pittman*, 253 AD2d 694, 694 [1st

Dept 1998], *lv denied* 92 NY2d 1052 [1999]; *People v Garcia*, 202 AD2d 189, 190 [1st Dept 1994], *lv denied* 83 NY2d 1003 [1994]; *see generally People v Sponburgh*, 61 AD3d 1415, 1416 [4th Dept 2009], *lv denied* 12 NY3d 929 [2009]).

We agree with the court, however, that the prosecutor engaged in a pervasive pattern of improper conduct at the grand jury proceeding that warranted dismissal of the indictment on the ground that the integrity of the proceeding was impaired (*see People v Thompson*, 22 NY3d 687, 699 [2014], *rearg denied* 23 NY3d 948 [2014]; *see generally* CPL 210.20 [1] [c]; 210.35 [5]; *People v Huston*, 88 NY2d 400, 408-409 [1996]). The prosecutor acted improperly in repeatedly asking leading questions of his witnesses (*see generally People v Ballerstein*, 52 AD3d 1192, 1194 [4th Dept 2008]; *People v Bhupsingh*, 297 AD2d 386, 387-388 [2d Dept 2002]), and in introducing hearsay evidence (*see Huston*, 88 NY2d at 406-407; *People v Pelchat*, 62 NY2d 97, 106 [1984]; *People v Gordon*, 101 AD3d 1473, 1474-1476 [3d Dept 2012]). During his cross-examination of defendants, the prosecutor improperly asked them whether other witnesses were lying (*see People v Washington*, 89 AD3d 1516, 1517 [4th Dept 2011], *lv denied* 18 NY3d 963 [2012]), and he asked Blauvelt, without any evident good faith basis, whether defendants used illegal drugs on the night of the altercation and whether they used steroids in general (*see generally People v De Vito*, 21 AD3d 696, 700-701 [3d Dept 2005]; *People v Ramos*, 139 AD2d 775, 776-777 [2d Dept 1988], *appeal dismissed* 73 NY2d 866 [1989]). "Most egregiously," as described by the court, the prosecutor acted as an unsworn witness by stating personal opinions relevant to material issues during his instructions to the grand jury, i.e., that younger people are more likely than older people to start fights, and that the victim's injuries must have resulted from "a substantial beating" (*see Huston*, 88 NY2d at 407-408; *see generally People v Batashure*, 75 NY2d 306, 307-308 [1990]; *People v Paperno*, 54 NY2d 294, 300-301 [1981]). We remind the People that a prosecutor owes "a duty of fair dealing to the accused" at a grand jury proceeding and, more generally, that a prosecutor "serves a dual role as advocate and public officer," and must "not only . . . seek convictions but [must] also . . . see that justice is done" (*Pelchat*, 62 NY2d at 105; *see Thompson*, 22 NY3d at 697-698; *People v Santorelli*, 95 NY2d 412, 420-421 [2000]; *People v Mott*, 94 AD2d 415, 418 [4th Dept 1983]).

Although we thus conclude that the indictment was properly dismissed, we further conclude, in the exercise of our discretion, that the People should be granted leave to resubmit the

charges to another grand jury (*see* CPL 210.20 [4]; *People v Loomis*, 70 AD3d 1199, 1201-1202 [3d Dept 2010]; *see also Huston*, 88 NY2d at 411; *People v Barabash*, 18 AD3d 474, 474 [2d Dept 2005]), and we modify the order accordingly. We note that the prosecutor has offered to recuse himself and seek the appointment of a special prosecutor to handle the resubmission. Present—Whalen, P.J., Centra, Lindley, Troutman and Winslow, JJ.