People v McIntosh (2018 NY Slip Op 00977)





People v Mcintosh


2018 NY Slip Op 00977


Decided on February 9, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 9, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, NEMOYER, TROUTMAN, AND WINSLOW, JJ.


92 KA 16-01506

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JAMEL B. MCINTOSH, DEFENDANT-APPELLANT. 






ADAM H. VAN BUSKIRK, AUBURN, FOR DEFENDANT-APPELLANT. 
JON E. BUDELMANN, DISTRICT ATTORNEY, AUBURN (AMANDA L. CASSELMAN OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Cayuga County Court (Thomas G. Leone, J.), rendered May 8, 2014. The judgment convicted defendant, upon a jury verdict, of robbery in the second degree (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of two counts of robbery in the second degree (Penal Law § 160.10 [1], [2] [a]). The case arose from an incident wherein defendant, accompanied by another person, forcibly stole a glass pipe from the victim in the parking lot of a supermarket. The entire event was recorded on video by the supermarket's security cameras, and footage from the cameras was admitted in evidence at trial.
Contrary to defendant's contention, the evidence that he was aided by another is legally sufficient. The video evidence established that defendant "committed the robbery in the full view of his companion, who acted as a lookout and was in a position to render immediate assistance to defendant" (People v Wilkerson, 189 AD2d 592, 592 [1st Dept 1993], lv denied 81 NY2d 849 [1993]; see People v Hamilton, 114 AD3d 590, 590 [1st Dept 2014], lv denied 23 NY3d 963 [2014]).
Contrary to defendant's further contention, the evidence that the victim sustained physical injury is also legally sufficient. Although the victim was not competent to testify that he sustained a fracture or underwent reconstructive surgery (see generally People v Brandon, 102 AD2d 832, 833 [2d Dept 1984]), he was "competent to testify to readily apparent external physical injuries of which he obviously [had] personal knowledge' " (People v Blauvelt, 156 AD3d 1333, 1334 [4th Dept 2017]). Here, the victim competently testified that he suffered a black eye, making it difficult to see, and suffered an injury to his finger requiring medical attention and surgery. The victim also competently testified that, at the time of trial, he still had limited mobility in the injured finger. That evidence is legally sufficient to establish that the victim sustained a physical injury (see People v Blocker, 23 AD3d 575, 575 [2d Dept 2005], lv denied 6 NY3d 809 [2006]; cf. People v Williams, 146 AD3d 906, 909 [2d Dept 2017], lv denied 29 NY3d 1002 [2017]). In addition, although we agree with defendant that County Court erred in allowing the victim to offer testimony that he was not competent to provide (see generally Brandon, 102 AD2d at 833), we conclude that the error is harmless (see generally People v Crimmins, 36 NY2d 230, 241-242 [1975]).
Defendant failed to preserve for our review his remaining challenges to the legal sufficiency of the evidence because his motion for a trial order of dismissal was not " specifically directed' " at the alleged errors (People v Gray, 86 NY2d 10, 19 [1995]). In any event, defendant's contentions lack merit. Furthermore, viewing the evidence in light of the elements of the two counts of robbery as charged to the jury (see People v Danielson, 9 NY3d [*2]342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
Defendant contends that the court erred in denying that part of his omnibus motion seeking a Wade hearing with respect to the identifications by four police officers. The court's rationale was that a Wade hearing was not necessary inasmuch as the identifications were confirmatory. Preliminarily, we note that defendant failed to preserve his contention for our review with respect to three of those police officers because his omnibus motion sought a hearing on the identification by only one of the police officers (see People v Zhang Wan, 203 AD2d 499, 499-500 [2d Dept 1994], lv denied 83 NY2d 973 [1994]), and we decline to exercise our power to review that part of his contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]). With respect to the fourth officer, defendant more particularly contends that the court "should have granted [his] request for a hearing, at least to explore [that officer's] alleged prior familiarity with him" (People v Rodriguez, 79 NY2d 445, 451 [1992]). Although we agree with defendant that the court erred in summarily determining that the identification by that officer was confirmatory (see id. at 448-452; People v Casanova, 119 AD3d 976, 979-980 [3d Dept 2014]), we conclude that the error is harmless (see generally Crimmins, 36 NY2d at 237).
We reject defendant's challenges to the admissibility of an audio recording of a telephone call that he made from county jail to his accomplice. Contrary to his contention, he was not entitled to a Huntley hearing with respect to the statements he made during the call inasmuch as "the information was not sought by the prosecutor but, rather, was passively received by the prosecutor" (People v Davis, 38 AD3d 1170, 1171 [4th Dept 2007], lv denied 9 NY3d 842 [2007], cert denied 552 US 1065 [2007]). Contrary to his further contention, the portion of the recording that was played at trial is not " so inaudible and indistinct that the jury would have to speculate concerning its contents' " (People v Lopez, 119 AD3d 1426, 1428 [4th Dept 2014], lv denied 25 NY3d 990 [2015]). Contrary to his next contention, we conclude that the recording was admissible because defendant's statements were relevant to his consciousness of guilt, and the probative value of the statements outweighed any potential for undue prejudice (see People v Jefferson, 125 AD3d 1463, 1463 [4th Dept 2015], lv denied 25 NY3d 990 [2015]).
Finally, the sentence is not unduly harsh or severe.
Entered: February 9, 2018
Mark W. Bennett
Clerk of the Court