Matter of New York City Asbestos Litig. (2018 NYSlipOp 08059)

Matter of New York City Asbestos Litig.

2018 NYSlipOp 08059

November 27, 2018

Court of Appeals

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

As corrected through Wednesday, February 13, 2019

[*1]

In the Matter of New York City Asbestos Litigation.
Mary Juni, Individually and as Administratrix of the Estate of Arthur H. Juni, Jr., Deceased, Appellant, 
 v A.O. Smith Water Products Co. et al., Defendants, and Ford Motor Company, Respondent.

Argued October 16, 2018; decided November 27, 2018

Matter of New York City Asbestos Litig., 148 AD3d 233, affirmed.

APPEARANCES OF COUNSEL

Weitz & Luxenberg, P.C., New York City (Alani Golanski of counsel), for appellant. 
McGuire Woods, LLP, Richmond, Virginia (J. Tracy Walker, IV , of the Virginia bar, admitted pro hac vice, and Tennille J. Checkovich of counsel), and Aaronson Rappaport Feinstein & Deutsch, LLP, New York City (Nancy L. Pennie of counsel), for respondent.
Lipsitz & Ponterio, LLC, Buffalo (John Ned Lipsitz of counsel), for Philip J. Landrigan and others, amici curiae.
Nathan A. Schachtman, Esq., P.C., New York City (Nathan A. Schachtman of counsel), and Crowell & Moring, LLP, Washington, D.C. (William L. Anderson, of the District of Columbia bar, admitted pro hac vice, of counsel), for Coalition for Litigation Justice, Inc., and others, amici curiae.
Belluck & Fox, L.L.P., New York City (Seth A. Dymond of counsel), for Military-Veterans Advocacy, Inc., amicus curiae.
Atlantic Legal Foundation, Harrison (Martin S. Kaufman of counsel), for John Henderson Duffus and others, amici curiae.

{**32 NY3d at 1118}OPINION OF THE COURT

Memorandum.
The order of the Appellate Division should be affirmed, with costs, and the certified question answered in the affirmative.
Viewing the evidence in the light most favorable to plaintiff, the evidence was insufficient as a matter of law to establish that defendant Ford Motor Company's conduct was a proximate cause of the decedent's injuries pursuant to the standards set forth in Parker v Mobil Oil Corp. (7 NY3d 434 [2006]) and Cornell v 360 W. 51st St. Realty, LLC (22 NY3d 762 [2014]). Accordingly, on this particular record, defendant was entitled to judgment as a matter of law under CPLR 4404 (a).[FN*] 

Fahey, J. (concurring). I join the majority's memorandum decision, but write separately to highlight that, in my view, plaintiff's proof failed to establish, by legally sufficient evidence, a connection between defendant Ford Motor Company's products and decedent's exposure to asbestos. I do not address any other issues of general or specific causation reached by the Appellate Division.{**32 NY3d at 1119}
Wilson, J. (concurring). I concur in the Court's opinion but write separately to explain what I see as the failure in the proof here. In brief, I believe that the failure of proof as to general causation identified by Supreme Court, and not any failure as to specific causation identified by the Appellate Division, warrants affirmance.
Mr. Juni spent his entire career working for Orange and Rockland Utilities, where he was exposed to asbestos in various capacities. For 25 of those years, he worked as an auto mechanic servicing Ford Motor Company (Ford) vehicles. As part of that job, Mr. Juni worked with Ford and other "friction" products (i.e., brakes and clutches) that contained chrysotile asbestos; his employment exposed him to other types of asbestos-containing products as well (e.g., during welding work or work in the powerhouse). There is no dispute that raw chrysotile asbestos greater than five microns in length is toxic and exposure to it carries increased risk for mesothelioma, or that Mr. Juni died of mesothelioma, and the proof is more than sufficient to establish that his exposure to asbestos caused his disease and death.
However, Ford adduced evidence that the process of manufacturing friction products under extreme temperatures alters the chemical composition of the asbestos, and the subsequent use of those products also subjects them to very high temperatures causing the conversion of the asbestos into a biologically inert substance called Forsterite. Plaintiffs did not produce an expert to rebut the argument that the physical properties of the asbestos in Ford's friction products had been so radically altered as to render conventional asbestos toxicology irrelevant. Instead, one of plaintiffs' causation experts testified extensively that chrysotile asbestos in its raw state caused mesothelioma. But when asked about chrysotile asbestos subjected to the extreme temperatures involved in the manufacture and use of friction products, he testified that he had not studied the release of chrysotile asbestos from friction products because he was "not an engineer or industrial hygienist." He further admitted that the only study of which he was aware on the subject of "the biological activity . . . [of] this [heat-]altered state of chrysotile" concluded that "[c]hrysotile biological activity is thereby greatly reduced, and can become virtually nil hundreds of degrees below" the relevant temperatures. He also opined that the epidemiological studies examining a relationship between garage workers and mesothelioma failed to show a causal relationship, which he ascribed to data and methodological{**32 NY3d at 1120} issues. Plaintiff's other causation expert, when asked specifically about the high temperature transformation of asbestos to Forsterite, testified that "no one knows" whether the friction product dust to which Mr. Juni was exposed when replacing the used products was toxic. Supreme Court, in setting aside the jury verdict, relied on this same problem as to both of plaintiff's experts (see Matter of New York City Asbestos Litig., 48 Misc 3d 460, 482-486 [Sup Ct, NY County 2015]).
Thus, a necessary link in the proof of proximate cause was missing. I do not suggest that Ford is correct as a scientific matter; that question remains for the trier of fact in each case. Here, in my view, there was simply a gap in proof as to the toxicity of the products at issue (see Parker v Mobil Oil Corp., 7 NY3d 434, 449-450 [2006] ["(the plaintiff's expert) concentrates on the relationship between exposure to benzene and the risk of developing AML—an association that is not in dispute. Key to this litigation is the relationship, if any, between exposure to gasoline containing benzene as a component and AML"]).

Rivera, J. (dissenting). Arthur H. Juni, Jr., died of mesothelioma, a rare and fatal cancer caused by exposure to asbestos. He and his wife sued, among others, defendant Ford Motor Company, claiming Ford's failure to warn him of the dangers of exposure to its asbestos-containing products was a substantial cause of his illness. Mr. Juni passed away before trial and his wife substituted as administrator for his estate. Although the jury returned a verdict in his favor, finding Ford 49% liable, Supreme Court granted that part of Ford's motion to set aside the verdict pursuant to CPLR 4404 (a), on the ground that the evidence was legally insufficient to support the verdict.[FN*] That was error.{**32 NY3d at 1121} The jury heard testimony by way of Mr. Juni's deposition that for over 25 years he worked as a garage mechanic, servicing Ford vehicles. On a daily basis, he was exposed to asbestos-laden dust from new and used brakes, clutches, and manifold and engine gaskets. That dust emanated from parts worked on by himself and other mechanics in the surrounding work area. The jury also heard expert testimony that during the time of Mr. Juni's exposure, Ford's vehicle parts contained chrysotile asbestos, which had been linked to mesothelioma. Another expert opined that the presence of visible dust is a scientifically recognized way of identifying the presence of air-borne asbestos in amounts generally recognized within the scientific community as toxic to humans, and that it is the cumulative exposure to asbestos that increases the risk of mesothelioma. The jury was presented with various internal Ford documents revealing that Ford recognized that friction products in Ford vehicles "[o]verexpos[ed]" mechanics to carcinogenic asbestos fibers and that Ford took steps to protect its own employees from exposure to dust from these products. Nevertheless, Ford disputed causation and presented expert testimony contesting the toxicity of the product contents to which Mr. Juni was exposed during his years as a mechanic, and whether mechanics, like Mr. Juni, had an increased risk of developing mesothelioma based on the type of work performed and their work environment.
To succeed on its CPLR 4404 (a) motion, defendant had to establish that the jury's verdict was "utterly irrational" (Killon v Parrotta, 28 NY3d 101, 108 [2016], quoting Campbell v City of Elmira, 84 NY2d 505, 510 [1994]). "To conclude that a verdict is utterly irrational, requiring vacatur of the verdict, the Court must determine that 'there is simply no valid line of reasoning and permissible inferences which could possibly lead [a] rational [person] to the conclusion reached by the jury on the basis of the evidence presented at trial' " (id., quoting Campbell v City of Elmira at 509).
For the reasons stated in then-Justice Feinman's well-reasoned and thorough dissent, defendant failed to meet its burden, as the evidence was sufficient to support the jury's verdict that Ford was a substantial cause of Mr. Juni's illness (Matter of New York City Asbestos Litig., 148 AD3d 233, 242-256 [1st Dept 2017] [Feinman, J., dissenting]). In light of the compelling evidence of Mr. Juni's exposure to asbestos while working on Ford vehicles and products, I find no basis to conclude that the verdict was utterly irrational. Essentially,{**32 NY3d at 1122}the jury was unpersuaded by Ford's experts. That decision should stand. I would reverse the Appellate Division order and remit to the trial court for consideration of those grounds raised by Ford and not addressed below.
Chief Judge DiFiore and Judges Stein, Fahey and Wilson concur; Judge Fahey in a concurring opinion and Judge Wilson in a separate concurring opinion; Judge Rivera dissents in an opinion; Judges Garcia and Feinman taking no part.
Order affirmed, with costs, and certified question answered in the affirmative, in a memorandum.

Footnotes

Footnote *:Inasmuch as the parties make no arguments about Matter of New York City Asbestos Litig. (27 NY3d 765 [2016] [Dummitt]), we have no occasion to address whether, as the dissent concludes, the jury charge given in this case conflicts with our decision therein.

Footnote *:Plaintiff litigated to verdict prior to our decision in Dummitt v A.W. Chesterton (27 NY3d 765 [2016]), where we held that "the manufacturer of a product has a duty to warn of the danger arising from the known and reasonably foreseeable use of its product in combination with a third-party product which, as a matter of design, mechanics or economic necessity, is necessary to enable the manufacturer's product to function as intended" (id. at 793). Plaintiff had requested a jury charge in Supreme Court instructing the jury that defendant Ford could be liable for asbestos-containing replacement parts used in its vehicles even if Ford did not manufacture those products. Supreme Court rejected plaintiff's request, and "declined to instruct the jury on whether defendant failed to warn Juni of the danger of components used in its vehicles" (Matter of New York City Asbestos Litig., 48 Misc 3d 460, 462 [Sup Ct, NY County 2015, Jaffe, J.]). That decision conflicts with Dummitt.