Corazza v Amchem Prods., Inc. (2019 NY Slip Op 02413)





Corazza v Amchem Prods., Inc.


2019 NY Slip Op 02413


Decided on March 28, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 28, 2019

Friedman, J.P., Kapnick, Gesmer, Oing, Moulton, JJ.


8149 190028/14

[*1]Joanne Corazza, etc., Plaintiff-Respondent,
v
Amchem Products, Inc., etc., et al., Defendants, Caterpillar, Inc., Defendant-Appellant.


Holwell Shuster & Goldberg LLP, New York (Daniel M. Sullivan of counsel), for appellant.
Weitz & Luxenberg, P.C., New York (Pierre A. Ratzki of counsel), for respondent.



Judgment, Supreme Court, New York County (Martin Shulman, J.), entered October 12, 2017, awarding plaintiff the aggregate amount of $1,791,772.56 as against defendant Caterpillar, Inc., unanimously reversed, on the law, without costs, the judgment vacated, and the complaint dismissed. The Clerk is directed to enter judgment accordingly.
Plaintiff failed to establish "some scientific basis for a finding of causation attributable to the particular defendant's product" (Matter of New York City Asbestos Litig., 148 AD3d 233, 239 [1st Dept 2017], affd 32 NY3d 1116 [2018]). Although decedent testified that he was exposed to asbestos as a result of his work changing brakes, clutches, and gaskets on defendant's forklifts, as well as on forklifts of other manufacturers, he testified as to defendant only that he worked on its forklifts "[a] lot." Decedent provided no context for deciphering the meaning of "a lot." In fact, he highlighted that he was not "good at percentages." Nor did he offer any other basis for determining the frequency of his exposure to asbestos through his work on defendant's forklifts (compare Matter of New York City Asbestos Litig., 36 Misc 3d 1234[A], 2012 NY Slip Op 51597[U], *9 [Sup Ct, NY County 2012] [in addition to testimony, the jury verdict against defendant Crane Co. was supported by "evidence that the ships on which plaintiff served contained hundreds of Crane's valves"], affd 121 AD3d 230 [1st Dept 2014]; affd 27 NY3d 765 [2016]). Therefore, plaintiff's experts had insufficient foundation for their medical opinions that plaintiff's work with defendant's forklifts was a substantial cause of his lung cancer.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 28, 2019
CLERK