People v Sallard (2019 NY Slip Op 06945)





People v Sallard


2019 NY Slip Op 06945


Decided on September 27, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 27, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CENTRA, NEMOYER, AND TROUTMAN, JJ.


886 KA 16-01483

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DAMON SALLARD, DEFENDANT-APPELLANT. 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE, THE ABBATOY LAW FIRM, PLLC, ROCHESTER (DAVID M. ABBATOY, JR., OF COUNSEL), FOR DEFENDANT-APPELLANT. 
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (DARIENN P. BALIN OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Onondaga County Court (Thomas J. Miller, J.), rendered June 20, 2016. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a weapon in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon his plea of guilty of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]), defendant contends that his waiver of the right to appeal was not knowingly, intelligently, and voluntarily entered. We reject that contention. "County Court expressly ascertained from defendant that, as a condition of the plea, he was agreeing to waive his right to appeal, and the court did not conflate that right with those automatically forfeited by a guilty plea" (People v McCrea, 140 AD3d 1655, 1655 [4th Dept 2016], lv denied 28 NY3d 933 [2016] [internal quotation marks omitted]; see generally People v Lopez, 6 NY3d 248, 256 [2006]). Defendant's contention that the court erred in denying his motion to withdraw the plea survives the valid waiver of the right to appeal (see People v Walcott, 164 AD3d 1593, 1593 [4th Dept 2018], lv denied 32 NY3d 1116 [2018]), but we conclude that it is without merit. Defendant's statements during the plea colloquy belie his later assertions of innocence (see id.; see generally People v Dixon, 29 NY2d 55, 57 [1971]).
Defendant's further contention that the court failed to make a sufficient inquiry into his request for substitution of counsel "is encompassed by the plea and the waiver of the right to appeal except to the extent that the contention implicates the voluntariness of the plea" (People v Morris, 94 AD3d 1450, 1451 [4th Dept 2012], lv denied 19 NY3d 976 [2012] [internal quotation marks omitted]). In any event, we conclude that defendant's contention is without merit (see People v Bethany, 144 AD3d 1666, 1669 [4th Dept 2016], lv denied 29 NY3d 996 [2017], cert denied 584 US &mdash, 138 S Ct 1571 [2018]; see generally People v Sides, 75 NY2d 822, 824-825 [1990]). Finally, the valid waiver of the right to appeal encompasses defendant's challenges to the suppression ruling (see People v Sanders, 25 NY3d 337, 342 [2015]; People v Sampson, 156 AD3d 1484, 1484 [4th Dept 2017], lv denied 31 NY3d 1017 [2018]) and the severity of the sentence (see People v Johnson [appeal No. 1], 169 AD3d 1366, 1366 [4th Dept 2019], lv denied 33 NY3d 949 [2019]; see generally Lopez, 6 NY3d at 255).
Entered: September 27, 2019
Mark W. Bennett
Clerk of the Court