Matter of New York City Asbestos Litig. (2022 NY Slip Op 04611)

Matter of New York City Asbestos Litig.

2022 NY Slip Op 04611

Decided on July 19, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: July 19, 2022

Before: Kapnick, J.P., Friedman, González, Rodriguez, Pitt, JJ. 

Index No. 190328/17 Appeal No. 14875-14875A Case No. 2020-04856 2020-04860 

[*1]In the Matter of New York City Asbestos Litigation Donna A. Olson et al., Plaintiffs-Respondents, Brenntag North America, Inc., et al., Defendants, Johnson & Johnson et al., Defendants-Appellants.

Orrick, Herrington & Sutcliffe LLP, New York (E. Joshua Rosenkranz of counsel), for appellants.
Levy Konigsberg LLP, New York (Jerome H. Block of counsel), for respondents.

Judgment, Supreme Court, New York County (Gerald Lebovits, J.), entered November 30, 2020, in plaintiffs' favor against defendants Johnson & Johnson and Johnson & Johnson Consumer, Inc. (together, J&J), unanimously reversed, on the law, without costs, and J&J's motion pursuant to CPLR 4404(a) to set aside the verdict and to enter judgment in its favor or to direct a new trial is granted to the extent of setting aside the verdict and directing entry of judgment in J&J's favor. Appeal from order, same court and Justice, entered on or about November 11, 2020, which, upon J&J's motion pursuant to CPLR 4404(a), vacated the jury's damages award and ordered a new trial unless plaintiffs stipulated to a reduced damages award, unanimously dismissed, without costs, as subsumed in the appeal from the judgment. The Clerk is directed to enter judgment accordingly.
At trial, plaintiffs failed, as a matter of law, to carry their burden "to establish sufficient exposure to a substance to cause the claimed adverse health effect" (Nemeth v Brenntag N. Am., __ NY3d __, 2022 NY Slip Op 02769, *1 [2022] [internal quotation marks omitted]; see also Parker v Mobil Oil Corp., 7 NY3d 434, 448 [2006] [proof of causation in a toxic tort case must establish "a plaintiff's exposure to a toxin, that the toxin is capable of causing the particular illness (general causation), and that plaintiff was exposed to sufficient levels of the toxin to cause the illness (specific causation)"]; Dyer v Amchem Prods. Inc., __ AD3d __, Appeal No. 13739 [1st Dept 2022] [decided herewith]). To make such a showing, a plaintiff must present expert testimony providing a "scientific expression of the level of exposure to toxins in defendant's products that was sufficient to have caused the disease" (Matter of New York City Asbestos Litig. [Juni], 148 AD3d 233, 235 [1st Dept 2017] [internal quotation marks and citation omitted], affd 32 NY3d 1116 [2018]). Even if it is assumed that plaintiffs presented sufficient evidence to support their mineral expert's estimate of the amount of asbestos to which plaintiff Donna Olson was exposed each time she used J&J's talcum powder products, plaintiffs' medical expert never set forth a scientific expression of the minimum lifetime exposure to asbestos that would have been sufficient to cause mesothelioma, the disease in question (see Nemeth, 2022 NY Slip Op 02769 at *1 ["we have repeatedly rejected as insufficient to prove causation expert testimony that exposure to a toxin is 'excessive' or 'far more' than others, and such testimony that merely links a toxin to a disease or 'work(s) backwards from reported symptoms to divine an otherwise unknown concentration' of a toxin to prove causation"]). Thus, the medical expert's testimony that mesothelioma could have resulted from "a significant exposure above normal background levels" was insufficient.
Contrary to plaintiffs' argument that J&J failed to preserve the issue of the sufficiency of the evidence of causation[*2], J&J at most withdrew its objection to the admissibility of the medical expert's testimony, without conceding that the testimony would be legally sufficient to establish causation, a point that J&J continued to vigorously contest.
In view of the foregoing, we need not address the remaining issues raised by J&J on its appeal.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: July 19, 2022