People v Palma (2022 NY Slip Op 05044)

People v Palma

2022 NY Slip Op 05044

Decided on August 24, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 24, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
SHERI S. ROMAN
WILLIAM G. FORD
LILLIAN WAN, JJ.

2021-05662
 (Ind. No. 319/20)

[*1]The People of the State of New York, appellant,
v
Christopher Palma, respondent.

Anne T. Donnelly, District Attorney, Mineola, NY (Tammy J. Smiley, Yael V. Levy, and Jason R. Richards of counsel), for appellant.
Martello & LaMagna, P.C. (Stephen W. LaMagna and Jillian S. Harrington, Staten Island, NY, of counsel), for respondent.

DECISION & ORDER
Appeal by the People from an order of the Supreme Court, Nassau County (Robert G. Bogle, J.), entered June 29, 2021, which granted that branch of the defendant's motion which was to dismiss the indictment, with leave to re-present the matter to a new grand jury.
ORDERED that the order is affirmed.
The charges against the defendant arise from a July 2019 incident, in which a speedboat operated by the defendant was involved in a collision with a jet ski. The operator of the jet ski sustained fatal injuries as a result of the collision.
The People presented the matter to a grand jury, which returned a true bill on charges of manslaughter in the second degree, criminally negligent homicide, assault in the second degree, and reckless operation of a vessel. The defendant moved, among other things, to dismiss the indictment, inter alia, based on purported deficiencies of the grand jury proceeding. The Supreme Court granted that branch of the motion on that ground, with leave to re-present the matter to a new grand jury, and the People appeal.
"The primary function of the Grand Jury in our system is to investigate crimes and determine whether sufficient evidence exists to accuse a citizen of a crime and subject him or her to criminal prosecution" (People v Calbud, Inc., 49 NY2d 389, 394). "[A] prosecutor, in presenting evidence and potential charges to a grand jury, is 'charged with the duty not only to secure indictments but also to see that justice is done'" (People v Morel, 131 AD3d 855, 859, quoting People v Huston, 88 NY2d 400, 406 [internal quotation marks omitted]).
A grand jury proceeding is "defective," warranting dismissal of the indictment, only where the "proceeding . . . fails to conform to the requirements of [CPL article 190] to such degree that the integrity thereof is impaired and prejudice to the defendant may result" (CPL 210.35[5]; see People v Burch, 108 AD3d 679, 680). "The 'exceptional' remedy of dismissal of an indictment is warranted only where prosecutorial misconduct, fraudulent conduct, or errors created a possibility [*2]of prejudice" (People v Addimando, 197 AD3d 106, 121, quoting People v Huston, 88 NY2d at 409; see People v Burch, 108 AD3d at 680).
Here, as the Supreme Court found, the grand jury proceeding was impaired by, among other things, the failure of the People to present complete information as to the navigational laws and rules that potentially bore on the defendant's culpability (see 33 CFR 83.04-83.09), and by the introduction of opinion testimony by a lay witness employed by a jet ski tour company without any limiting instruction (see People v Reddick, 164 AD3d 526, 527; cf. People v Gambale, 158 AD3d 1051, 1053). In addition, the People failed to provide to the grand jury the complete charge as to the count of criminally negligent homicide (see CJI2d [NY] Penal Law § 125.10; see also People v Cabrera, 10 NY3d 370). Therefore, the court properly granted that branch of the defendant's motion which was to dismiss the indictment, with leave to re-present the matter to a new grand jury (see People v Huston, 88 NY2d at 409; see also People v Blauvelt, 156 AD3d 1333, 1335; People v Gordon, 101 AD3d 1473, 1475-1476).
CONNOLLY, J.P., ROMAN, FORD and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court