People v Wright (2023 NY Slip Op 02190)

People v Wright

2023 NY Slip Op 02190

Decided on April 27, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 27, 2023

Before: Renwick, A.P.J., González, Kennedy, Higgitt, JJ. 

Ind No. 1543/17 Appeal No. 106 Case No. 2019-05309 

[*1]The People of the State of New York, Respondent,
v
Jason Wright, Defendant-Appellant.

Mark Zeno, Center for Appellate Litigation, New York (Matthew Bova of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Elizabeth T. Schmidt of counsel), for respondent.

Judgment, Supreme Court, New York County (Robert M. Stolz, J.), rendered September 10, 2019, convicting defendant, after a jury trial, of assault in the first degree, attempted assault in the first degree, and criminal possession of a weapon in the second degree (two counts), and sentencing him, as a second violent felony offender, to an aggregate term of 20 years, unanimously affirmed.
The verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). The element of serious physical injury required for the first-degree assault conviction was satisfied by evidence establishing that the victim sustained a "protracted impairment of health" (Penal Law §10.00[10]). There is no basis for disturbing the jury's credibility determinations, including its acceptance of the victim's testimony concerning her physical condition. Two years after being shot in the knee, she could not stand or sit for a long time, had difficulty going up or down stairs, could no longer run even a short distance, and felt pain in her knee "every day" (see e.g. People v Wong, 165 AD3d 468 [1st Dept 2018], lv denied 32 NY3d 1116 [2018]; People v Marquez, 49 AD3d 451 [1st Dept 2008], lv denied 10 NY3d 936 [2008]). This protracted impairment went far beyond mere discomfort or inconvenience.
The record supports the court's determination that, notwithstanding a witness's brief, accidental viewing of defendant in custody, she had an independent source for her identification (see Neil v Biggers, 409 US 188, 199-200 [1972]; People v Williams, 222 AD2d 149 [1st Dept 1996], lv denied 88 NY2d 1072 [1996]). The witness's attention was drawn to defendant and one of the victims as they argued before the shooting, she observed defendant under good lighting conditions for several minutes from a distance as close as eight feet, and she gave a detailed description of defendant. The witness's inability to identify defendant in a lineup was outweighed by the other relevant factors, and the record establishes a reliable in-court identification.
Defendant, by way of counsel, waived any challenge to the predicate felony statement, notwithstanding that defendant personally stated that he wanted to controvert the statement. Absent any constitutional challenge by defendant to the alleged prior felony, we see no reason to include the decision to challenge a predicate felony within the narrow category of decisions to be made by a represented defendant personally, rather than requiring "the expert judgment of counsel" (People v Colville, 20 NY3d 20, 32 [2012]). Contrary to defendant's argument, there is no language in CPL 400.15(3) that is inconsistent with a defendant acting through counsel. By way of contrast, when the CPL requires personal action by a defendant, it uses very specific language to that effect (see e.g. CPL 270.35 [1] [consent to replacement of juror by alternate during deliberations]; CPL 320.10 [1],[2] [jury trial waiver]). In any event, defendant [*2]was correctly adjudicated a second violent felony offender based upon the uncontroverted allegations in the predicate violent felony offender statement filed by the People regarding defendant's manslaughter conviction (see CPL 400.15[3])
We perceive no basis for reducing the sentence. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 27, 2023